MAIL & EXPRESS CO. v. LIFE PUB. CO.

(Circuit Court of Appeals, Second Circuit. January 8, 1912.)

No. 115.

1. COPYRIGHTS (§ 38*)—STATUTE—CONSTRUCTION—COMPONENT PARTS.

Copyright Act March 4, 1909, c. 320, § 3, 35 Stat. 1076 (U. S. Comp. St. Supp. 1909, p. 1290), provides that the copyright provided for shall protect copyrightable component parts of the work copyrighted, and all matter therein, in which copyright is already subsisting, but without extending the duration or scope of such copyright, and that the copyright on composite works or periodicals shall give to the proprietor all the rights in respect thereto which he would have if each part were individually entitled under the act. *Held*, that a copyright on a periodical protects the pictures therein as component parts of the periodical.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 38.*]

2. COPYRIGHTS (§ 69*)—INFRINGEMENT—DAMAGES—ASSESSMENT—"COURT."

Copyright Act March 4, 1909, c. 320, § 25, 35 Stat. 1081 (U. S. Comp. St. Supp. 1909, p. 1297), provides that an infringer of the copyright laws shall be liable to pay the proprietor such damages as he suffered by the infringement, as well as all profits which the infringer shall have made from such infringement, and in proving profits plaintiff shall be required to prove sales only, and the defendant every element of cost which he claims, or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court in its discretion may allow the amount thereinafter stated, but, in the case of a newspaper reproduction of a copyrighted photograph, such damages shall not exceed the sum of $200, nor be less than $50, and such damages in no other case shall exceed $5,000, nor be less than $250, and shall not be regarded as a penalty. *Held*, that the statute, by using the word "court," did not require that the judge acting by himself should assess the damages when a case was presented calling for an award under the minimum damage clause, and that the court, under such circumstances, properly directed the jury that, if they found for plaintiff, they must award at least $250 for each infringement.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 65–85; Dec. Dig. § 69.*

For other definitions, see Words and Phrases, vol. 2, pp. 1672–1682; vol. 8, p. 7622.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by the Life Publishing Company against the Mail & Express Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles S. Mackenzie (J. Joseph Lilly, of counsel), for plaintiff in error.

Spencer, Ordway & Wierum (O. C. Wierum, Jr., of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The first contention of the defendant seems to be that the new copyright statute affords protection to proprietors of periodicals only in respect of such component parts thereof as were copyrightable by such proprietors. Stated more particularly,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the claim seems, to be that when a periodical contains articles or pictures made by persons who have not transferred their rights to the publisher the copyright of the periodical does not cover them.

We have no reason to question the correctness of the defendant's contention. It is sufficient to say that the trial court ruled in accordance therewith and submitted the question involved to the jury. The verdict established that the artists sold their rights in these pictures to the plaintiff.

[1] The next contention seems to be that the plaintiff's copyright of its periodical does not protect the pictures as "component parts." But section 3 of the copyright act says in so many words that a copyright *does* protect "all copyrightable component parts of the work copyrighted" and that in the case of a periodical the copyright "gives the proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this act."[1] The language of the statute is so exactly contrary to the defendant's claim that there seems to be no reason for interpretation nor ground for discussion.

The defendant further contends that the class of pictures in question here are of such a transitory nature that "unless they are specially registered as provided for in the act they fall within the public domain as soon as they are published." We find nothing in this proof to show that these pictures are of an especially transitory nature and nothing in the law to substantiate the defendant's contention.

[2] The defendant also contends that the trial court erred in charging the jury that if they found for the plaintiff they must award at least $250 damages for each infringement. The relevant provisions of the section of the copyright act relating to damages are printed in the footnote[2] and the defendant urges that while the trial judge might

---

[1] Section 3 of the Copyright Act of 1909 reads as follows:
"That the copyright provided by this act shall protect all the copyrightable component parts of the work copyrighted, and all matter therein in which copyright is already subsisting, but without extending the duration or scope of such copyright. The copyright upon composite works or periodicals shall give to the proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this act."

[2] "Sec. 25. That if any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:
*     *     *     *     *     *     *
"(b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only, and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, but in the case of a newspaper reproduction of a copyrighted photograph such damages shall not exceed the sum of two hundred dollars nor be less than the sum of fifty dollars, and such damages shall in no other case exceed the sum of five thousand dollars nor be less than the sum of two hundred and fifty dollars, and shall not be regarded as a penalty."

have taken away the question of damages from the jury and himself have awarded the damages stated, he was not authorized to direct the jury to do so.

While the language of the provision quoted is somewhat obscure, we do not think that by the use of the word "court" it is required that the judge acting by himself shall assess the damages when a case is presented calling for an award under the minimum damage clause. We think it the better view that the statute permits him to direct the jury to assess the damages within the prescribed limits. But if this is not the correct interpretation of the statute, we fail to see how the defendant was harmed by the action of the judge in this case. It is evident that he considered that the case was one in which an award of actual damages proven would not have been just and if he had himself fixed the damages under the statute he could not have awarded less than the minimum amount.

The remaining assignments present no error.

The judgment of the Circuit Court is affirmed.