John H. FEY, Plaintiff,

v.

STAUFFER CHEMICAL COMPANY, a corporation, and Turcrest Industries, Inc., a corporation, Defendants.

Civ. No. 01.

United States District Court
D. Nebraska.

Sept. 26, 1956.

George B. Boland and Thomas A. Walsh (Wear, Boland & Mullin), Omaha, Neb., for plaintiff.

Flavel A. Wright (Cline, Williams, Wright & Johnson), Lincoln, Neb., for defendant, Stauffer Chemical Co.

Harry L. Welch (Gross, Welch, Vinardi & Kauffman) and Beatty White, Omaha, Neb., for defendant, Turcrest Industries, Inc.

DELEHANT, Chief Judge.

Pending, and yet undetermined, in this action, out of many controversies over features of pretrial discovery, are the issues arising under a motion to limit examination of George Snyder and objections to production of file (filing 79 with its supporting affidavit, filing 78). The motion was filed on May 18, 1956, and, along with it, was filed a duly certified transcript of an abortive deposition of George Snyder (filing 80), the taking of which opened at 10:30 o'clock in the forenoon of May 10, 1956 but proceeded only through preliminary identifying questions and to a demand by plaintiff's counsel that the witness surrender for identification and use in the taking of the deposition "the files and records of the North America Insurance Company pertaining to" the incident out of which this action arises. The witness had already identified the insurance company as the insurer of defendant Stauffer Chemical Company against liability of the character involved in this suit and acknowledged his possession, as claim manager in Omaha, Nebraska, of the insurance company, of such files and records. Upon that demand, counsel for defendant Stauffer Chemical Company objected to it and directed Snyder not to produce the files and records "on the ground it is a part of the confidential file of the defendant Stauffer Chemical Company in this proceeding and it contains wholly irrelevant matters which are confidential and the production of it will impair the orderly processes of litigation in similar matters, and for the further reason, it contains the product of the attorneys for Stauffer Chemical Company's work, and there is no good

cause why said files should be produced." After further admitting that he had brought the files to the place of the deposition pursuant to a subpoena duces tecum served upon him, the witness, upon the advice of counsel for defendant, Stauffer Chemical Company, refused to comply with a demand of the notary taking the deposition, by her made on the request of plaintiff's counsel, that he surrender the file. Thereupon, plaintiff's attorney entered in the record of the deposition a dictated motion addressed to this court, "to hold the witness in contempt for failure to obey the process of the court and the service of subpoena served upon the witness to produce the file of the North America Insurance Company and the matters relating to things which are the subject matter of this action, and pursuant to

the order of the court heretofore entered herein" and a request that the notary certify the entire matter to the then sole judge of this court and that hearing be had thereon before the court at a designated date or at such other date as the court might fix. The manifest purpose of such certification was the laying of a foundation for an order of the court holding Snyder in contempt. The notary transcribed and certified the record of the incipient deposition; and that transcript and the pending motion, objections, and supporting affidavit were served and filed.

The motion, with its incorporated objections, is copied in full in a footnote [1]. It is accompanied and supported by an affidavit, which, being comparatively brief, is also copied in a footnote [2]. The

1. The body of the motion and objections follows:

"Comes now the defendant, Stauffer Chemical Company, and moves the Court to limit the scope and manner of the taking of the deposition of George Snyder by ordering that the plaintiff in this proceeding shall not have access to the copy of the defendant's file in possession of the said George Snyder, and further that the officer conducting the examination be ordered to cease forthwith from taking said deposition for the reason that said deposition and examination is being conducted in bad faith and in such a manner as to unreasonably annoy, embarrass and oppress the deponent and this defendant.

"The defendant, Stauffer Chemical Company, further objects to the production of its file, copy of which is in possession of the said George Snyder, for the reason that said file has been prepared and accumulated in its behalf by attorneys and their agents acting in its behalf, whose opinions and work product are contained in said file, and for the further reason that said file contains confidential communications between the defendant, Stauffer Chemical Company, and its attorneys and for the reason that no good cause exists why plaintiff should be permitted to examine and copy said file."

2. The affidavit, omitting merely formal parts, follows:

"Flavel A. Wright, being first duly sworn, upon oath deposes and says that

he is a resident of Lincoln, Nebraska, and is one of the attorneys for the defendant, Stauffer Chemical Company, in this proceeding. Prior to November, 1953, the Stauffer Chemical Company insured its liability for any judgment or damages in this proceeding in The Indemnity Insurance Company of North America, under the terms of which insurance policy, the control of the defense and of the investigation of the plaintiff's claim was vested in The Indemnity Insurance Company of North America; that upon receipt of notice of the plaintiff's claim, The Indemnity Insurance Company of North America, through its attorneys, employed by it on a full time basis, through attorneys employed by it specifically to investigate this proceeding and through its agents, some of whom have not been admitted to the bar, proceeded to investigate said claim, to obtain legal opinions concerning said claim, to consider questions of reserves, potential liability and settlement possibilities, and upon institution of the plaintiff's action, retained the firm of Cline, Williams, Wright & Johnson, of Lincoln, Nebraska, to conduct the defense of this action in behalf of the Stauffer Chemical Company and to report to The Indemnity Insurance Company of North America through its agent at Omaha, Nebraska, Mr. George Snyder; that the investigation, research, opinions, reserve estimates, settlement discussions and similar matter have been reduced to

showing thus made is not met or controverted by any countershowing.

Upon the record before the court, certain facts appear substantially unquestioned. It is noted as a fact, though probably of no practical significance, that the true name of the insurer is not that stated in the deposition and above reflected, but rather, "The Indemnity Insurance Company of North America". It is also materially shown, and found, that the insurer, by an insurance policy, was and is under engagement to indemnify defendant Stauffer Chemical Company against liability upon the claim asserted against it in this action, though whether fully or partially does not appear; that the insurer through one or more of its attorneys employed on a full time basis, and also through other attorneys specially retained for the investigation and study of this case, has caused an investigation to be made into the facts underlying the claim of plaintiff; that the file at which the deposition is aimed contains, among other things, the information thus gathered, and also legal opinions of counsel thus employed and retained and legal opinions of still other counsel, by the insurer retained for the defense of this action in the name and behalf of Stauffer Chemical Company, inclusive of opinions upon the questions of the liability of Stauffer Chemical Company, actual or potential, loss reserves, settlement possibilities and desirabilities, and, generally, all such communications as may reasonably be expected to pass between the insurer of a defendant in an action for a very large sum of money founded upon a tort claim and the attorneys by it employed, in part on a full time basis, but, in substantial part also, with exclusive reference to a particular litigated claim, and for the purpose of its professional investigation by counsel upon the score of liability in the action, and the possibility and desirability of settlement, and eventually for the defense of the insured as a defendant in the actual trial of the case in court.

It is the entire file of the insurer containing all of the items referred to in the last preceding paragraph which plaintiff's counsel sought to reach and examine, and presumably to explore by testimony, through the device of the deposition of George Snyder and the subpoena duces tecum issued and served as an incident to the deposition. Under the familiar reasoning of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the several items thus mentioned constitute a part, and an important part, of the work product of attorneys engaged in the defense of this action of which disclosure to opposing parties and counsel may not, without strongly persuasive reasons, be coercively gotten through the instrumentality to which plaintiff here resorted. See also Connecticut Mutual Life Insurance Co. v. Shields, D.C.N.Y., 16 F.R.D. 5; Helverson v. J. J. Newberry Co., D.C.Mo., 16 F.R.D. 330. In the considered opinion of this court, plaintiff has made out no case adequately to support his right to what he has demanded; and his position is to

---

writing and the original of said file has been delivered to the undersigned as attorney for Stauffer Chemical Company in this proceeding, with a copy of said file being retained by the said George Snyder.

"Pursuant to the order of this Court, this affiant has delivered to the attorneys for the plaintiff all statements contained in said file, all labels requested and contained in said file and generally all information requested of this defendant by the plaintiff pursuant to its motion for production of documents pursuant to Rule 34 [Fed.Rules Civ.Proc. 28 U.S.C.A.].

"Affiant has been informed that the plaintiff is ready to proceed with trial in this proceeding and desires that the trial be set immediately since no further depositions will be required by the plaintiff. Affiant states that the deposition of George Snyder is being conducted only for the purpose of annoying, embarrassing and oppressing this defendant and said deponent, and that the same is being conducted in bad faith and without good cause."

be appraised by the demand he has made, not by some less comprehensive request which he might have tendered.

The court, therefore, generally sustains the motion and objections of defendant Stauffer Chemical Company and enters an order reflecting such ruling to which for greater particularity, reference is now made.

Moreover, considering that plaintiff has demanded the issuance of a contempt citation against the witness George Snyder, the court's present order denies that demand.

In passing, it is observed that the court has not been deterred from the ruling now announced by its own order made and given on April 28, 1956 (filing 58) wherein the taking of George Snyder's deposition under a subpoena duces tecum was allowed. That order, and the one now made and given, have arisen in different and distinguishable settings. In the light of the record in this action as it stood on April 28, 1956, the intolerability of plaintiff's proposed quest had not yet been made sufficiently to appear to justify the denial of the right so to examine Snyder. It does now fully and clearly appear. And what, for want of demonstration of its impropriety, was then allowed to be initiated, is presently intercepted upon the basis of such a demonstration in actual practice.

To obviate the supposition of inadvertence, it is now made clear that the ruling presently announced is made despite the fact that George Snyder is a layman, not an attorney at law. The action which the court is taking is prompted by the character of the file pursued by plaintiff. And that character is not altered or rendered insignificant by the circumstance that the file finds its way into the possession of employees of the insurer who are not lawyers. The "work product" classification of much of its contents persists despite the nonprofessional custody from time to time of the file.