**BROADCAST MUSIC, INC., a New York Corporation**

v.

**DICI NAZ VELLEGGIA, INC., a Maryland Corporation.**

**Civ. No. T–79–2249.**

United States District Court, Maryland.

June 5, 1980.

Max S. Stadfeld, Blum, Yumkas, Mailman & Gutman, P. A., Baltimore, Md., for plaintiff.

Robert A. DiCicco, Askew, Wilson & DiCicco, P. A., Towson, Md., for defendant.

### MEMORANDUM AND ORDER

THOMSEN, Senior District Judge.

In this action for copyright infringement under 28 U.S.C. § 1338(a), plaintiff seeks an injunction, damages, costs of the action and reasonable attorney's fees. Infringement of eleven copyrights is alleged. Defendant has answered the complaint and demanded a jury trial; plaintiff has moved to strike that demand and has filed a memorandum

in support of its motion, to which defendant has not replied, although repeated telephone requests for such a reply have been made by a law clerk. Neither side has requested a hearing.

The claim for damages in the complaint reads as follows:

That defendant be required to pay such damages as plaintiff has sustained in consequence of defendant's said unlawful acts, but in no event less than statutory minimum damages of Two Hundred and Fifty Dollars ($250.00) for each claim.

However, in plaintiff's memorandum in support of its motion to strike the demand for jury trial, plaintiff has stated that its claim for damages is limited to the statutory damages of $250 for each of its eleven claims.

No decision of the Supreme Court, the Fourth Circuit or any other circuit on the question presented has been cited or found. The district courts are divided. Compare *Cayman Music Ltd. v. Reichenberger*, 403 F.Supp. 794 (W.D.Wis.1975), with *Chappell & Co. v. Pumpernickel Pub*, 79 F.R.D. 528 (D.Conn.1977).

This court has had the benefit of a careful analysis by Judge Winter of the Supreme Court decisions on the general subject. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 224–26 (4 Cir. 1978). After quoting the following passage from *Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260,

The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

Judge Winter said:

This statement suggests two tests which should be utilized in determining whether an action based on federal statute entails a constitutional right to a jury trial. *First*, are the rights and duties created by the statute analogous to rights and duties historically comprehended by the common law? *Second*, are the remedies sought legal rather than equitable in nature? See *also Ross v. Bernhard*, 396 U.S. 531,

90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Pons v. Lorillard*, 549 F.2d 950 (4 Cir. 1977), *aff'd on non-constitutional grounds*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).

Applying those tests, this court concludes that the relief sought in this case is essentially equitable.

Defendant's motion for a jury trial is hereby denied.