Dorothy **RODGERS**, et al., Plaintiffs,

v.

**EIGHTY FOUR LUMBER COMPANY, Defendant.**

**JONICO MUSIC**, et al., Plaintiffs,

v.

**EIGHTY FOUR LUMBER COMPANY, Defendant.**

**HARRISON MUSIC CENTER**, et al., Plaintiffs,

v.

**EIGHTY FOUR LUMBER COMPANY, Defendant.**

Civ. A. Nos. 84–828, 84–1114 and 84–1944.

United States District Court, W.D. Pennsylvania.

Dec. 3, 1985.

John Eichleay, Kevin Abbott, Pittsburgh, Pa., for plaintiffs.

Daniel J. Weis, Weis & Weis, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

GERALD J. WEBER, District Judge.

In these related copyright infringement actions, the court has granted summary judgment on the issue of liability for the plaintiffs. Plaintiffs have filed a Motion to Strike the Jury Demand. We now consider the issue of whether or not the defendant is entitled to a jury trial on damages where copyright owners seek only an injunction and statutory damages.

Defendant has submitted a brief in support of its right to a jury trial on the issue of damages, citing *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117 (4th Cir.1981) for the proposition that the Seventh Amendment to the United States Constitution provides it with the right. Defendant argues that the Copyright Act provides a remedy of a type which would traditionally have been enforced at law and therefore the Seventh Amendment right applies. Moreover, defendant points to the necessary determination of wilfulness as a factual issue traditionally within the province of the jury.

Plaintiffs argue that defendant is not entitled to trial by jury on the issue of statutory damages as a matter of law, citing *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir.1983); *Twentieth Century Music Corp. v. Frith*, 645 F.2d 6, 7 (5th Cir.1981); *Sid and Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1177–78 (9th Cir.1977); *Monogram Models, Inc. v. Industro Motive Corp.*, 492 F.2d 1281 (6th Cir.1974); *Chappell and Co., v. Palermo Cafe Co.*, 249 F.2d 77, 82 (1st Cir.1957). Plaintiffs do not challenge defendant's right to a jury trial on the issues of actual damages or profits under the statute. Rather they urge a statutory construction interpreting the act's statutory damages to be equitable in nature and therefore not within the Seventh Amendment purview.

■ The United States Court of Appeals for the Third Circuit has not addressed the issue of whether there is a right to a jury trial in a copyright infringement case in which the only issue left to be decided is that of statutory damages. The parties have cited six circuit court decisions, only one of which has concluded that a right to a jury trial exists in such cases. We believe that the majority view finding that no right to a jury trial exists is the better view, and therefore we will adopt it for the reasons discussed herein.

■ The Copyright Act does not iself specifically provide the right to a jury trial. Therefore if the right exists it is derived from the Seventh Amendment to the United States Constitution which preserves the right to a jury trial in suits at common law. The United States Supreme Court has left no doubt that the Seventh Amendment may be applicable to new causes of action based on statutes. *See, Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477, 82 S.Ct. 894, 899, 8 L.Ed.2d 44 (1962) (trademark laws); *Curtis v. Loether*, 415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260 (1974) (Title VIII of the Civil Rights Act). Whether this right exists should be decided as a matter of statutory construction rather than constitutional interpretation whenever possible. *Lorillard v. Pons*, 434 U.S. 575, 577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978). Furthermore, application of the Seventh Amendment depends on the nature of the issues to be tried rather than the character

of the overall action.[1] *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). In considering the test set forth by the Court in *Ross v. Bernhard,*[2] we believe that the inquiry here centers on whether the remedy sought is legal or equitable in nature.

The Court in *BMI, Inc. v. Papa John's, Inc.* 201 U.S.P.Q. 302, 305 (N.D.Ind.1979) addressed this inquiry:

> ... these statutory damages were provided by Congress to create a remedy where actual damages are not provable at law, but yet where it is proven that a violation of the copyright occurred. In this sense at least, Congress has simply authorized by statute what equity courts have long done as a matter of course, i.e. not to suffer a wrong to be without a remedy. In codifying this remedy, Congress did not remove it from the equitable jurisdiction of the courts, instead they simply provided guidelines to be used by the courts in the exercise of their discretion.

We agree, and find the statutory damages provided by the 1976 Copyright Act to be equitable in nature.

Therefore, IT IS ORDERED that plaintiff's Motion to Strike defendant's Jury Demand is GRANTED. Trial on damages shall proceed non-jury as previously scheduled on *Monday, December 9, 1985, at 9 a.m.*

---

1. The relevant portion of the 1976 Copyright Act is as follows:

§ 504(c)—STATUTORY DAMAGES—

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally in a sum of not less than $250 or more than $10,000, as the court considers just ...

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court, in its discretion may increase the award of statutory damages to a sum of not more than $50,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $100 ...

17 U.S.C. § 504(c).

2. 396 U.S. at 538 n. 10. "... The 'legal' nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries. Of these factors, the first, requiring extensive and possibly abstruse historical inquiry, is obviously the most difficult to apply. (cite omitted)". For discussion indicating that neither the first or third factor is determinative of the issue before the court, *see BMI, Inc. v. Papa John's, Inc.* 201 U.S. P.Q. 302, 304–305 (N.D.Ind. 1979).