**RAYDIOLA MUSIC, Somerset Songs Publishing, Inc., Flyte Tyme Tunes, Famous Music Corporation, Giorgio Moroder Publishing Company and Controversy Music, Plaintiffs,**

v.

**REVELATION ROB, INC., and Robert G. Revels, Jr., Defendants.**

**Civ. A. No. 88–178 MMS.**

United States District Court,
D. Delaware.

Jan. 19, 1990.

Robert W. Whetzel, of Richards, Layton & Finger, Wilmington, Del., for plaintiffs.

Robert G. Revels, Jr., Harrington, Del., pro se.

OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Six plaintiffs allege seven causes of action for copyright infringement based on defendant's public performances of copy-

righted musical compositions.[1] Defendant demanded a jury trial and plaintiffs have moved to strike the demand (Dkt. 22) contending defendant has no right to a jury trial where the request for monetary relief is confined to statutory damages.

The issue presented for resolution is straightforward. Does defendant in a copyright infringement action have a right to a jury trial where the only monetary demand is for statutory damages? While the issue is easily stated, it has sparked disagreement among courts and commentators.[2] For the reasons set forth in this opinion, I conclude there is no right to jury trial where only injunctive relief and statutory damages are sought.

The United States Supreme Court and Third Circuit Court of Appeals have not addressed the issue directly. The First,[3] Second,[4] Fifth[5] and Ninth[6] Circuits have held there is no right to a jury trial, while the Fourth Circuit[7] has held the opposite. The district courts have been similarly divided.[8] There is even a divergence of opinion within the district of Delaware.[9]

The copyright statute provides as remedies for infringement the right to an injunc-

1. Defendants originally were Revelation Rob, Inc. and its president, Robert G. Revels, Jr., who allegedly has primary responsibility for the conduct of the corporation's business and was responsible for the playing of the copyrighted music. After suit was filed, the corporate defendant filed a Chapter 11 Bankruptcy petition. The Bankruptcy matter is ongoing but plaintiffs have failed to formally dismiss their claims against the corporate defendant even though plaintiffs' counsel advised the Court he would promptly do so on October 18, 1989. (Dkt. 21, p. 2). Neither the corporation nor the individual defendant is represented by counsel. It is assumed this action will only proceed against the individual defendant.

2. Compare Patry, *The Right to a Jury in Copyright Cases,* 29 J. Copyright Soc'y 139 (1981) (there is a right to jury trial), with *The Availability of Jury Trials in Copyright Infringement Cases: Limiting the Scope of the Seventh Amendment,* 83 Mich.L.Rev. 1950 (1985) (no right to jury trial). *See also* Annot., *Right to Jury Trial on Issue of Damages in Copyright Infringement Action Under 17 U.S.C.S. § 504,* 64 A.L.R.Fed. 310 (1983).

3. *Chappell & Co. v. Palermo Cafe,* 249 F.2d 77 (1st Cir.1957). The court in *Chappell* was construing the Copyright Act of 1909 (hereinafter "1909 Act" or "predecessor statute") the predecessor of the current Copyright Act of 1976 (hereinafter the "1976 Act").

4. *Oboler v. Goldin,* 714 F.2d 211 (2d Cir.1983) (determination of statutory damages is a question for the trial judge). An older decision of the Second Circuit, *Mail & Express Co. v. Life Pub. Co.,* 192 F. 899 (2d Cir.1912), held the use of the word "court" in the 1909 Act did not require that the judge alone must determine the level of statutory damages so that there was a right to jury trial. The *Oboler* panel never mentioned the earlier decision.

5. *Twentieth Century Music Corp. v. Frith,* 645 F.2d 6 (5th Cir.1981).

6. *Sid & Marty Krofft Television Prod. v. McDonald's Corp.,* 562 F.2d 1157, 1177 (9th Cir. 1977) (Under the 1909 statute, determination of statutory damages is properly addressed to the trial judge, not the jury).

7. *Gnossos Music v. Mitken, Inc.,* 653 F.2d 117 (4th Cir.1981).

8. *Compare Rodgers v. Eighty–Four Lumber,* 623 F.Supp. 887 (W.D.Pa.1985) (no right to jury trial when plaintiff seeks only injunction and statutory damages); *Glazier v. First Media Corp.,* 532 F.Supp. 63 (D.Del.1982) (at end of trial, plaintiff must choose between actual damages awarded by jury and statutory damages determined by the judge); *Rodgers v. Breckenridge Hotels Corp.,* 512 F.Supp. 1326 (E.D.Mo.1981) (no right to jury trial when plaintiff seeks statutory damages and injunction); *Broadcast Music, Inc. v. Dici Naz Velleggia,* 490 F.Supp. 1342 (D.Md.1980) (same); *Broadcast Music, Inc. v. Papa John's,* 201 U.S.P.Q. 302 (N.D.Ind.1979) (same, construing 1909 Act), and *Cayman Music, Ltd. v. Reichenberger,* 403 F.Supp. 794 (W.D.Wis.1975) (same, construing 1909 Act), *with Educational Testing Services v. Katzman,* 670 F.Supp. 1237 (D.N.J.1987) (finding right to jury trial); *Broadcast Music, Inc. v. Moor–Law, Inc.,* 203 U.S.P.Q. 487 (D.Del.1978) (same); *Chappell & Co., Inc. v. Pumpernickel Pub., Inc.,* 79 F.R.D. 528 (D.Conn. 1977) (same, construing 1909 Act); and *Chappell & Co. v. Cavalier Cafe,* 13 F.R.D. 321 (D.Mass.1952) (same, construing 1909 Act).

It should be noted that at least two of these cases, *Broadcast Music, Inc. v. Dici Naz Velleggia* and *Chappell & Co. v. Cavalier Cafe,* may have been implicitly overruled by Circuit Court decisions holding the other way. See *Gnossos Music v. Mitken, Inc.,* 653 F.2d 117 (4th Cir.1981) and *Chappell & Co. v. Palermo Cafe,* 249 F.2d 77 (1st Cir.1957).

9. *Compare Glazier v. First Media Corp.,* 532 F.Supp. 63 (D.Del.1982) (judge determines amount of statutory damages) *with Broadcast Music Inc. v. Moor–Law,* 203 U.S.P.Q. 487 (D.Del.1978) (right to a jury trial).

tion, 17 U.S.C.A. § 502, and damages, 17 U.S.C.A. § 504. Under 17 U.S.C.A. § 504(b) "[T]he copyright owner is entitled to recover the actual damages suffered ... as a result of the infringement and any profits of the infringer that are attributable to the infringement...." In lieu of actual damages and profits the copyright owner may recover an award of statutory damages "in a sum of not less that $250 or more than $10,000 as the court considers just." 17 U.S.C.A. § 504(c)(1).[10] In certain cases, i.e., where there is willful infringement or where the infringement was innocent, the court "[in] its discretion" may depart from the specified range. 17 U.S.C.A. § 504(c)(2).

Determining the issue of right to a jury trial in infringement claims seeking statutory damages involves an inquiry into whether the statute may be construed to provide the right, and if not, whether the right is mandated by the seventh amendment of the United States Constitution. The court must adhere to the "cardinal principle that [a court should] first ascertain whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided." *Tull v. United States*, 481 U.S. 412, 417 n. 3, 107 S.Ct. 1831, 1835 n. 3, 95 L.Ed.2d 365 (1987) (quoting *Curtis v. Loether*, 415 U.S. 189, 192 n. 6, 94 S.Ct. 1005, 1007 n. 6, 39 L.Ed.2d 260 (1974)). Applying this principle to this case, the Court must first determine whether any fair construction of section § 504(c) would provide a right to jury trial. If so, the court need not reach the constitutional issue. If, on the other hand, the statute does not require a jury trial or is found inconclusive, the constitutional issue must be addressed.

**10.** Section 504(c)(1) was recently amended to provide for statutory damages ranging from $500 to $20,000. Pub.L. 100–568 §§ 10(b), 13, Oct. 31, 1988, 102 Stat. 2860, 2861. Since the infringements alleged in this action occurred prior to the amendment, the applicable range in this case remains $250 to $10,000.

**11.** 17 U.S.C.A. § 505 provides:

## *17 U.S.C.A. § 504(c)—DOES THE STATUTE ITSELF CONFERS A RIGHT TO JURY TRIAL*

The language of section 504(c) and the legislative history of the 1976 Act are inconclusive as to whether there is a right to jury trial when only statutory damages are sought. Although some cases have focused on the statute's use of the word "court," this usage alone does not provide an answer. In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court construed a statute which provided that "[t]he *court* may grant as relief...." (Emphasis added). The Court found that either party was entitled to a jury trial in an action under the statute. *See also Gnossos Music v. Mitken, Inc.*, 653 F.2d 117, 119 (4th Cir.1981) (following *Curtis* and holding that the term "court" in the copyright statute could mean "judge" or "judge and jury" in tandem).

However, the word "court" is not used in isolation in section 504(c). Rather, the phraseology employed is "as the court considers just," section 504(c)(1) and "the court in its discretion," section 504(c)(2). Traditionally, juries do not exercise "discretion." *Broadcast Music, Inc. v. Papa John's, Inc.*, 201 U.S.P.Q. 302, 306 (N.D.Ind.1979) (stating that juries do not exercise discretion; their function is to find facts and apply law as it is explained to them). Moreover, 17 U.S.C.A. § 505, relating to recovery of costs and attorney's fees,[11] employs the language "the court in its discretion" as is found in section 504(c)(2). Under section 505 there is no question that it is the function of the trial judge and not a jury to assess costs and attorney's fees. Thus, to reach the conclusion that section 504 permits a jury trial upon demand requires identical statutory language within the same statute be given conflicting inter-

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

pretations. However, similarity in statutory language cannot in and of itself conclusively carry the day, and courts which decided the right to jury trial only on statutory grounds reached inconsistent results. *Compare: Twentieth Century Music Corp. v. Fritz,* 645 F.2d 6 (5th Cir.1981) (no right to jury trial on statutory or constitutional grounds); *Sid & Marty Kroft Television Prod. v. McDonalds Corp.,* 562 F.2d 1157, 1177 (9th Cir.1977) (jury trial not required under 1909 Act); *Glazier v. First Media Corp.,* 532 F.Supp. 63 (D.Del.1982) (under 1909 Act judge determines statutory damages); *Rodgers v. Breckenridge Hotel Corp.,* 512 F.Supp. 1326 (E.D.Mo.1981) (under 1976 Act, statutory damages are equitable in nature so that there is no right to a jury trial), *with Mail & Express Co. v. Life Pub. Co.,* 192 F. 899 (2d Cir.1912) (jury trial available under 1909 statute) [12] *and Chappell and Co. v. Cavalier Cafe,* 13 F.R.D. 321 (D.Mass.1952) (same).[13] Given the ambiguity of the language and the confusion among the courts, whether there is a right to jury trial under section 504(c) cannot be fairly determined from the language of the statute alone.

Resort to legislative history, however, fails to clarify the ambiguity. At first blush the legislative history of section 504(c) seemingly stresses the equitable nature of the statutory damages remedy. H.R.Rep. No. 1476, 94th Cong., 2nd Sess. 161 (1976) *reprinted in* 1976 U.S.Code Cong. & Admin.News 5659, 5777, provides one of the basic aims of section 504 is "to provide the courts with reasonable latitude to adjust recovery to the circumstances of the case...." Moreover, the same report states:

As a general rule, where the plaintiff elects to recover statutory damages, the court is obliged to award between $250 and $10,000. It can exercise discretion in awarding an amount within that range, but unless one of the exceptions provided by clause (2) is applicable, it cannot make an award of less than $250 or of more than $10,000 if the copyright owner has chosen recovery under § 504(c).

\* \* \* \* \* \*

The basic principle underlying this provision [section 504(c)(2)] is that the court should be given discretion to increase statutory damages in cases of willful infringement and to lower the minimum where the infringer is innocent. The language of the clause makes clear that in these situations the burden of proving willfulness rests on the copyright owner and that of proving innocence rests on the infringer, and that the court must make a finding of either willfulness or innocence in order to award the exceptional amounts.

H.R.Rep. No. 1476 *reprinted in* 1976 U.S. Code Cong. & Admin.News 5777, 5778–79. However, the same House Report discusses section 504(b) claims for actual damages and profits as follows:

The language of the subsection [504(b)] makes clear that only those profits "attributable to the infringement" are recoverable; where some of the defendant's profits result from the infringement and other profits are caused by different factors, it will be necessary for *the court* to make an apportionment....

*Id.* (emphasis added). Thus, the word "court" is used in the same report in connection with actual damages, a jury issue.[14]

---

**12.** This case was undercut, however, by the Second Circuit Court of Appeals' decision in *Oboler v. Goldin,* 714 F.2d 211 (2d Cir.1983), which held that determination of statutory damages was an issue for the judge without citing the earlier *Mail & Express Co.* decision. *See supra* note 4.

**13.** This case was implicitly overruled by *Chappell & Co., Inc. v. Palermo Cafe,* 249 F.2d 77 (1st Cir.1957) (holding there was no right to jury trial).

**14.** "[T]he case law just prior to the passage of the 1976 Act clearly held that the equitable nature of the statutory damage provision precluded a jury trial on the issue." *Educational Testing Services v. Katzman, supra,* at 1241. Congress must be presumed to have been aware of the judicially determined division of responsibility between trial judge and jury on the statutory damage issue when it passed the 1976 Act. However, knowledge by Congress as to the judicial division of responsibility, in and of itself, is insufficient to determine whether it intended to

It follows the legislative history sheds no light on whether there is a right to jury trial under section 504(c). Based upon the foregoing, I conclude it is impossible to deduce from the statute and the legislative history whether there is a right to jury trial where statutory damages, not actual damages, is the only monetary relief sought. *See Gnossos Music v. Mitken, Inc.,* 653 F.2d 117, 119–120 (4th Cir.1981) (language of the copyright statute is not sufficiently clear to mandate either bench or jury trial). Because of the ambiguity, there is no fair construction of the statute that will enable me to avoid the constitutional issue. As a result, it is necessary to consider whether the seventh amendment requires a right to jury trial in this case.

## SEVENTH AMENDMENT

The lower courts are divided on the question of whether there is a Seventh Amendment right to jury trial for copyright infringement where the copyright owner seeks only an injunction and statutory damages. *Compare Twentieth Century Music Corp. v. Frith,* 645 F.2d 6 (5th Cir.1981) (no constitutional right to jury trial under the 1909 or 1976 Acts); *Chappell & Co. v. Palermo Cafe Co.,* 249 F.2d 77, 80–81 (1st Cir.1977) (no constitutional right to jury trial under 1909 Act); *Rodgers v. Eighty–Four Lumber Co.,* 623 F.Supp. 887 (W.D. Pa.1985) (same); *Broadcast Music, Inc. v. Dici Naz Velleggia,* 490 F.Supp. 1342 (D.Md.1980) (statutory damages under the 1976 Act are equitable in nature so that there is no constitutional right to jury trial); *Broadcast Music Inc. v. Papa John's, Inc.,* 201 U.S.P.Q. 302 (N.D.Ind.1979) (no right to jury trial under 1909 Act); *Cayman Music, Ltd. v. Reichenberger,* 403 F.Supp. 794 (W.D.Wis.1975) (same), *with Gnossos Music v. Mitken, Inc.,* 653 F.2d 117 (4th Cir.1981) (jury trial required under seventh amendment); *Educational Testing Services v. Katzman,* 670 F.Supp. 1237 (D.N.J.1987) (same); *Broadcast Music, Inc. v. Moor–Law, Inc.,* 203 U.S.P.Q. 487 (D.Del.1978) (statutory damages are legal remedy requiring right to jury trial); *Chappell & Co., Inc. v. Pumpernickel Pub., Inc.,* 79 F.R.D. 528 (D.Conn.1977) (finding right to jury trial under 1909 Act).

The Third Circuit Court of Appeals has not addressed the issue, while the Delaware District Court has gone both ways. *Compare Glazier v. First Media Corp.,* 532 F.Supp. 63 (D.Del.1982) (jury trial not required on statutory grounds; constitutional issue not reached); *Broadcast Music, Inc. v. Moor–Law, Inc.,* 203 U.S.P.Q. 487 (D.Del.1978) (seventh amendment requires right to jury trial). It is against this background of inconsistent case law the court turns its attention to the merits.

The Supreme Court in *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), stated:

> Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law [and]
>
> . . . .
>
> ... [W]hen Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law.

*Id.* at 194–95, 94 S.Ct. at 1008–09 (footnotes omitted).

The seventh amendment issue is thus narrowed to whether an action for copyright infringement seeking an injunction and statutory damages only "involves rights and remedies of the sort typically enforced in an action at law." *Id.* The Supreme Court in *Ross v. Bernhard,* 396 U.S. 531, 538, n. 10, 90 S.Ct. 733, 738, n. 10, 24 L.Ed.2d 729 (1970), summarized the three-part test for determining whether a statutory action for damages should be labeled legal or equitable: "first, the pre-

provide a right to jury trial given the ambiguity of the House Report.

merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries." *Id.*

The Supreme Court has characterized pre-merger custom as "requiring ... possibly abstruse historical inquiry." *Id.* The treatment of copyright infringement actions prior to the merger of law and equity with the adoption of the Federal Rules of Civil Procedure bears out this statement. All copyright actions which reached the Supreme Court between adoption of the 1909 Act and the merger of law and equity which addressed statutory damages were either definitely or probably brought on the equity side of the lower courts. *Douglas v. Cunningham*, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862 (1935); *Jewell–LaSalle Realty Co. v. Buck*, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978 (1931); *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499 (1919). Initially, the uniformity of the Supreme Court cases would leave one to believe the pre-merger custom considered statutory damages for copyright infringement to be equitable relief. The weakness with this approach is that the cases were brought on the equity side of the court, presumably because of the request for injunctive relief. If the litigation had been brought on the law side of the court, it would have been characterized as legal. I am unwilling to say the side of the court chosen by the plaintiff determines the pre-merger custom. I conclude the pre-merger custom prong of *Ross v. Bernhard* is inconclusive.

Similarly, the third prong of the *Ross v. Bernhard* test—practical abilities and limitations of juries—sheds no light on the right to jury trial in copyright infringement actions for statutory damages. Issues in copyright infringement cases are not unusually complex and are not beyond the competence of juries. Moreover, while mentioned as a factor in *Curtis v. Loether, supra,* the Supreme Court to date has not relied upon the abilities and limitations of juries as an independent basis for extending the right to a jury trial under the seventh amendment. *Tull v. United States*, 481 U.S. 412, 418, n. 4, 107 S.Ct. 1831, 1835, n. 4, 95 L.Ed.2d 365 (1987). The "nature of the remedy" second prong of *Ross v. Bernhard* will thus be determinative of the seventh amendment right to jury trial in the matter *sub judice.*

Though it has never addressed the issue of right to jury trial where an injunction and statutory damages are the remedies sought, the Supreme Court has examined the nature of copyright infringement damages. In *Brady v. Daly*, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109 (1899), the copyright damage provision of the statute under consideration provided:

> [that an infringer of a copyright] shall be liable for damages, therefor, such damages in all cases to be assessed at such sum, not less than one hundred dollars for the first, and fifty dollars for every subsequent performance, as to the court shall appear to be just.

Act of August 18, 1856, c. 169, 11 Stat. 138; Act of July 8, 1870, c. 230, § 101, 16 Stat. 214, which became section 4966 of the Revised Statutes. After rejecting the notion that copyright infringement damages were in the nature of a forfeiture or penalty, *Brady*, 175 U.S. at 153–54, 20 S.Ct. at 64, the Court held such damages were remedial stating:

> The idea of the punishment of the wrongdoer is not so much suggested by the language used in the statute as is a desire to provide for the recovery by the proprietor of full compensation from the wrongdoer for the damages such proprietor has sustained from the wrongful act of the latter. In the face of the difficulty of determining the amount of such damage in all cases, the statute provides a minimum sum for a recovery in any case, leaving it open for a larger recovery upon proof of greater damage in those cases where such proof can be made.... The further provision in the statute, that those damages shall be at least a certain sum named in the statute itself, does not change the character of the statute and render it a penal instead of a remedial one.... It has nothing in the nature of a *qui tam* action about it, and we think it provides for the recovery of neither a penalty nor a forfeiture.

*Brady v. Daly, supra,* at 154–55, 20 S.Ct. at 64.

In *L.A. Westermann Co. v. Dispatch Printing Co.,* 249 U.S. 100, 108, 39 S.Ct. 194, 196, 63 L.Ed. 499 (1919), decided under the 1909 Act's statutory damage provision, the Supreme Court quoted with approval the above language from *Brady.* The Court also stated:

> In other words, the court's conception of what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, is made the measure of the damages to be paid, but with the express qualification that in every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling, but it has no discretion when proceeding under this provision to go outside of them.

*Id.* 249 U.S. at 106–07, 20 S.Ct. at 195–196.

The statutory damage provision of the 1909 Act was again before the Court in *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952). The Court quoted with approval some of the above language from *L.A. Westermann Co.* and went on to state:

> Few bodies of law would be more difficult to reduce to a short and simple formula than that which determines the measure of damage recoverable for actionable wrongs. The necessary flexibility to do justice in the variety of situations which copyright cases present can be achieved only by exercise of the wide judicial discretion within limited amounts conferred by this statute.

> .    .    .    .    .

*Id.* 344 U.S. at 232, 73 S.Ct. at 225.

The court then defined the role of the trial court:

We think that the statute empowers the trial court in its sound exercise of judicial discretion to determine whether on all the facts a recovery upon proven profits and damages or one estimated within the statutory limits is more just. We find no abuse of that discretion.

*Id.* at 234, 73 S.Ct. at 226.

Certain unassailable propositions flow from the above quoted Supreme Court decisions. First, the statutory damage provision of the Copyright Act is neither a penalty nor a forfeiture, both of which are legal remedies requiring a right to jury trial. Rather, such damages are considered remedial or restitutionary, remedies traditionally reserved to equity. Those cases holding the Seventh Amendment requires a jury trial where statutory damages are sought which rely in part on asserting such damages are punitive[15] or compensatory are totally undercut by the Supreme Court decisions which have rejected that characterization. Similarly, those decisions which rely in part on analogous common law remedies such as wrong of tortious inference with a property right[16] or a civil action for debt,[17] are weakened by the Supreme Court's view "that characterizing the relief sought is '[m]ore important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial." *Tull v. United States,* 481 U.S. at 421, 107 S.Ct. at 1837 (quoting *Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974)).

Second, the purpose of statutory damages is to remedy a wrong which would otherwise go unremedied if actual damages could not be proven. *Broadcast Music, Inc. v. Papa John's Inc.,* 201 U.S.P.Q. at 305 ("[S]tatutory damages were provided by Congress to create a remedy where actual damages [or profits] are not provable at law, but yet where it is proven that a

---

**15.** *See, e.g., Educational Testing Services v. Katzman,* 670 F.Supp. at 1243.

**16.** *Gnossos Music v. Mitken, Inc.,* 653 F.2d at 120.

**17.** *Id.; see also Chappell & Co., Inc. v. Pumpernickel Pub, Inc.,* 79 F.R.D. at 530.

violation of the copyright has occurred."). Providing a remedy where otherwise unavailable for a wrong has long been the province of equity.

Third, the range of statutory damages provided by section 504(c)(1), while mandatory within prescribed limits, is subject to the exercise of discretion both within those limits and in limited instances beyond the range provided. The exercise of discretion in fixing statutory damages is traditionally thought of as equitable.

Almost all of the cases holding there is no seventh amendment right to jury trial encompassed a request for only minimum statutory damages. See text, *supra*, at 373. Seeking an injunction coupled with a request for minimum statutory damages severely limits the exercise of discretion so as to make the injunctive relief paramount and thus equitable. However, the mere fact that the judge was not asked to exercise discretion in awarding damages within the range provided in section 504(c)(1) should not be controlling. The exercise of discretion in setting damages within prescribed limits is a hallmark of equity. The Court concludes characterization of statutory damages as equitable should not turn upon whether a plaintiff requests minimum statutory damages.

The fact that the Supreme Court has rejected the concept that statutory damages are penal or constitute a forfeiture, opting instead to characterize them as remedial, that statutory damages provide a remedy for what would otherwise be a non-remedial wrong, and that exercise of discretion plays a significant role in determining statutory damages convince me that statutory damages in the copyright infringement context should be characterized as equitable.

An order will be entered granting plaintiffs' motion to strike the jury demand.