**Nancy WOOD, Plaintiff,**

v.

**The CROSBY ARBORETUM FOUNDATION, a Mississippi nonprofit corporation, Defendant.**

**Civ. A. No. H90–0059(R).**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

July 8, 1992.

Michael Cavanaugh, Biloxi, Miss., Dennis J. Sladek, Colorado Springs, Colo., for plaintiff.

Frank D. Montague, Jr., Montague, Pittman & Schwartz, Hattiesburg, Miss., E. Howell Crosby, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., Phineas Stevens, Butler, Snow, O'Mara, Stevens & Cannada, Point Clear, Ala., for defendant.

### MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on Motion of the defendant, The Crosby Arboretum Foundation, to Deny Jury Trial. The plaintiff, Nancy Wood, demands a jury trial on twelve causes of action for the defendant's alleged infringement upon the plaintiff's copyrighted material. The defendant submits that the plaintiff is not entitled to a jury trial since the relief she seeks is limited to injunctive and statutory damages.

The defendant relies primarily on *Raydiola Music v. Revelation Rob, Inc.*, 729 F.Supp. 369 (D.Del.1990), in which the Delaware United States District Court presented an exhaustive review of the stat-

utory and constitutional analysis on whether a right to a jury trial exists. The *Raydiola Music* court noted the divergence of opinion within the various circuits; specifically, the First, Second, Fifth, Ninth and Eleventh Circuit have held there is no right to a jury trial, while the Fourth and Seventh Circuits have held the opposite.[1] *Id.* at 370.

The defendant cites *Twentieth Century Music Corp. v. Frith*, 645 F.2d 6 (5th Cir. Unit B 1981) as authority from the United States Circuit Court of Appeals in which this Court sits. In *Twentieth Century Music Corp.*, the plaintiff sought injunctive relief and the statutory minimum damages pursuant to 17 U.S.C. Section 501(b)(1909), and 17 U.S.C. Section 504(c)(1976) on thirteen alleged copyright infringements of plaintiff's musical compositions by public performance for profit during 1977 and 1978. The district court denied the defendant's motion for jury trial in the copyright infringement action. On appeal, the appellate court held that the defendants were not entitled to a jury trial. The *Twentieth Century* court stated that "[t]he whole case before the court was equitable in nature as to which the appellant had no constitutional or statutory right to a jury trial." *Id.* at 7. *Citing Chappell & Co. v. Palermo Cafe Co.*, 249 F.2d 77, 78 (1st Cir.1957); *Broadcast Music, Inc. v. Dici Naz Velleggia*, 490 F.Supp. 1342 (D.Md. 1980).

Furthermore, the defendant cites *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 852–53 (11th Cir.1990), which cites *Twentieth Century*. In *Cable* the court held that "the latitude granted the district court's great discretion in awarding statutory damages does not entitle defendants to a jury ... trial as to an award of damages within the statutory limits of both the Copyright Act....". *Id.* at 853.

The plaintiff suggests in her response that the authorities cited by the defendant are distinguishable because they refer to plaintiffs who sought injunctive relief and statutory damages, and in some cases, statutory minimum damages. The plaintiff states said cases were equitable in nature, and state that in the case *sub judice*, she is not asking for any equitable relief since "the defendant has complied with her requests to remove the infringed material. Plaintiff only seeks statutory damages." Plaintiff's Response, May 27, 1992, p. 1.

The plaintiff contends that various courts have held that a plaintiff is entitled to a jury trial when the plaintiff seeks only statutory damages, and cites *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991); *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117 (4th Cir.1981); *Educational Testing Services v. Katzman*, 670 F.Supp. 1237 (D.N.J.1987). The plaintiff additionally submits that she does not seek minimal statutory damages, but rather she is asking for maximum statutory damages on twelve of the alleged infringements, and an increased amount on five of the alleged infringements for willfulness. The plaintiff contends that she is seeking a remedy at law and not equity, and that she is entitled to a jury trial.

However, as the defendant discusses in its reply brief, the argument advanced in *Studio 21, Ltd.*, 925 F.2d 1010, and *Mitken* and *Katzman, supra*, is based primarily on the Seventh Amendment right to a jury trial. Said arguments advanced in *Katzman* and *Mitken* were specifically addressed in *Raydiola Music v. Revelation Rob, Inc.*, 729 F.Supp. 369, 376 (D.Del. 1990). Furthermore, *Raydiola Music* also addresses the plaintiff's claims that since her claim is for the maximum rather than the minimum statutory damages, the relief sought is one in law and not equity.

---

1. *See Chappell & Co. v. Palermo Cafe Co.*, 249 F.2d 77 (1st Cir.1957); *Oboler v. Goldin*, 714 F.2d 211 (2d Cir.1983) (determination of statutory damages is a question for the trial judge); *Twentieth Century Music Corp. v. Frith*, 645 F.2d 6 (5th Cir.1981); *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1177 (9th Cir.1977); *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829 (11th Cir.1990); *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117 (4th Cir.1981); and *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991).

The *Raydiola Music* court concluded that the characterization of statutory damages is equitable and does not turn upon whether a plaintiff requests the minimum or maximum statutory damages.

The fact that the Supreme Court has rejected the concept that statutory damages are penal or constitute a forfeiture, opting instead to characterize them as remedial, that statutory damages provide a remedy for what would otherwise be a non-remedial wrong, and that exercise of discretion plays a significant role in determining statutory damages convinced [the court] that statutory damages in the copyright infringement context should be characterized as equitable.

Title 17 of the United States Code, Section 504(c)(1), sets a mandatory range of statutory damages for violation such as those alleged by the plaintiff; the district courts are granted discretion and latitude in awarding such damages within those limits set forth in 17 U.S.C. Section 504(c)(1), and upon certain proof being shown as set forth in 17 U.S.C. Section 504(c)(2), such as a statutory damage award, may be increased or decreased by the Court.

The fact that the plaintiff claims damages for willfulness does not change the status of this cause from being equitable; an award of such damages is governed by statutory amounts as set forth in Section 504(c)(2).

"[T]he employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case, and this fact takes the matter out of the ordinary rule with respect to abuse of discretion." *Douglas v. Cunningham*, 294 U.S. 207, 210, 55 S.Ct. 365, 366, 79 L.Ed. 862 (1935); *see also [Broadcast Music, Inc. v.] Xanthas [Inc.]*, 855 F.2d [233] at 237 [ (5th Cir.1988) ] ("The statute by its terms places no further limits on the district court's discretion."); *Harris [v. Emus Records Corp.]*, 734 F.2d [1329] at 1335 [ (9th Cir.) ] ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the speci-fied maxima and minima." (citing *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499 (1919))). In awarding statutory damages, the court "may take into account the attitude and conduct of the parties." *Warner Bros. [Inc. v. Dae Rim Trading, Inc.]*, 877 F.2d [1120] at 1126 [ (2nd Cir. 1989) ]; *see also F.W. Woolworth Co. [v. Contemporary Arts, Inc.]*, 344 U.S. [228] at 233, 73 S.Ct. [222] at 225 [97 L.Ed.2d 276 (1952) ] ("The statutory rule ... is designed to discourage wrongful conduct.... Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy."); *Fitzgerald Publishing Co. [v. Baylor Publishing Co.]*, 807 F.2d [1110] at 1117 [ (2nd Cir.1986) ] ("[T]he potential for discouraging the defendant is factored into the determination of the award."). In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed.

*Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d at 852.

A court's exercising of discretion in setting statutory damages is recognized in this jurisdiction as being equitable in nature. As such, the defendant's Motion to Deny Jury Trial is well taken and should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion of the defendant, the Crosby Arboretum Foundation, to Deny Jury Trial is hereby GRANTED.

SO ORDERED AND ADJUDGED.