**BROADCAST MUSIC INC.,**
**et al., Plaintiffs,**

v.

**BLUMONDAY, INC., et al., Defendants.**

**No. CV–N–92–676–ECR.**

United States District Court,
D. Nevada.

Jan. 5, 1993.

Madelene C. Amendola, Lionel Sawyer & Collins, Reno, NV, for plaintiffs.

C. Nicholas Pereos, Reno, NV, and Louis R. Doescher, Carson City, NV, for defendant Blumonday, Inc.

## ORDER

EDWARD C. REED, Jr., District Judge.

This is an action brought by Broadcast Music Inc. (BMI) against Blumonday and it corporate officers for copyright infringement. BMI filed a motion (document # 21) to strike Defendants' jury demand on November 13, 1992. Both the corporation and the individual officers opposed this motion (documents # 25 & # 27). BMI filed a reply (document # 28) December 10, 1992.

■ BMI contends that because it seeks only injunctive and statutory relief, the action is of a purely equitable nature and therefore that the Seventh Amendment does not require a jury trial. The Ninth Circuit has

---

not squarely addressed the issue of when a jury trial is appropriate in a copyright infringement case and there is conflicting authority on this question; however, two cases, *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir.1977) and *Video Views, Inc. v. Studio 21, LTD.*, 925 F.2d 1010 (7th Cir.1991) when read together strongly suggest that questions of fact regarding liability may be decided by a jury and that the amount of damages should be set by the court.

In *Sid & Marty Krofft* the district court refused to consider plaintiff's entitlement to statutory damages in lieu of actual damages. The district court found that issue should have been raised in front of the jury because the pretrial order which stated that "all factual questions of liability and damages are for the jury." The court of appeals reversed this holding because the issue of statutory damages is "one for the court, not the jury," according to Section 101(b), 17 U.S.C., of the copyright act. Although a determination of actual damages is one which may be submitted to the jury, the question of statutory damages may only be decided by the court.

■ The Ninth Circuit has not ruled on whether the issue of liability is a legal question which may be submitted to a jury in action where the plaintiff is seeking only statutory damages. However, the Seventh Circuit persuasively argues that the Seventh Amendment preserves a party's right to a jury on the issue of liability for copyright infringement. In *Video Views* the Seventh Circuit carefully analyzes whether the defendant had a right to a jury trial on the issue of liability. The court relies on *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) which articulates a three-part test to determine when the Seventh Amendment preserves the right to a jury trial. In resolving this constitutional question a court must consider "first, the pre-merger [of courts of law and courts of equity through the adoption of the Federal Rules of Civil Procedure in 1938] custom with reference to such questions; second the remedy sought and third, the practical abilities and limitations of juries." *Video Views*, 925 F.2d at 1015 (citing *Ross v. Bernhard*, 396 U.S. 531 at 538 n. 10, 90 S.Ct. 733 at 738 n. 10). There is no dispute that as to the third prong of the test:

a jury would feasibly be able to decide questions of fact related to the issue of copyright liability. Only the first two criteria are determinative in resolving this issue. *Raydiola Music v. Revelation Rob, Inc.*, 729 F.Supp. 369, 374 (D.Del.1990),

In applying this test, the *Video Views* court found that the defendants did have a right to a jury trial. At common law, a cause of action for copyright infringement was analogous to several tort actions which, of course, are actions at law. If a plaintiff pleads inadequacy of a remedy at law, a plaintiff may be able to proceed in equity. *Id.* citing *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117 (4th Cir.1981). The *Video Views* court concludes that an action for copyright infringement may fairly be viewed as an action at law.

Secondly, the court concludes that statutory damages are legal in nature. Statutory damages can be awarded to penalize an infringer and penal damages are characterized as a legal remedy. *Id.* citing *Tull v. U.S.*, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). Furthermore, the discretion exercised by the judge is not of the nature generally considered equitable. A judge merely has some flexibility within a clear boundary established by statute in which to set the award of damages. This exercise of discretion alone does not conclusive make the remedy equitable. The U.S. Supreme Court has held that the right to jury trial secured in the Seventh Amendment should be broadly construed, *Ross*, 396 U.S. at 539, 90 S.Ct. at 738, so this exercise of discretion should not divest a litigant of its right to a jury trial.

Plaintiffs rely on *Raydiola Music v. Revelation Rob, Inc.* in which a district court applied the *Ross* test and determined that no right to jury trial exists for an action brought to recover only statutory damages. The rational of the *Raydiola* court is less persuasive than that of the *Video Views* court. For example the district court assumes that because the majority of cases for copyright infringement were brought in equity that such an action was traditionally brought in equity. It did not consider that in order to bring an action in equity a plaintiff first had to show the legal remedy was inadequate.

Also, the district court assumes that because a judge may exercise some discretion in awarding statutory damages, that such an award is equitable in nature. The district court does not consider the penal nature of the damages nor does it analyze the type of discretion exercised.

IT IS, THEREFORE, HEREBY ORDERED that Plaintiffs' motion to strike jury demand is DENIED in part and GRANTED in part. Questions of fact regarding Defendants' liability shall be decided by the jury. The court shall set the amount of statutory damages without the aid of a jury.