STORER CABLE COMM.,
et al., Plaintiffs,

v.

JOE'S PLACE BAR & RESTAURANT,
et al., Defendants.

THAT'S ENTERTAINMENT,
INC., Plaintiff,

v.

LEONARD'S SOUTH, INC.,
et al., Defendants.

THAT'S ENTERTAINMENT,
INC., Plaintiff,

v.

MAIER'S INC. d/b/a MAIER'S TAVERN,
et al., Defendants.

THAT'S ENTERTAINMENT,
INC., Plaintiff,

v.

Thomas J. SHELBER, et al., Defendants.

THAT'S ENTERTAINMENT,
INC., Plaintiff,

v.

Clifford McGUIRK, Jr., Defendant.

Civ. A. Nos. 91–0685–L(H), 92–0618–
L(H) to 92–0621–L(H).

United States District Court,
W.D. Kentucky,
at Louisville.

April 21, 1993.

Frank G. Simpson, III, Pedley, Ross, Zielke, Gordinjer & Porter, Louisville, KY, for plaintiffs in Civ. A. No. 91–0685–L(H).

Michael C. Lemke, Jewell & Lemke and John W. Fleck, Louisville, KY, for defendants in Civ. A. Nos. 91–0685–L(H), 92–0620–L(H) and 92–0621–L(H).

Marvin L. Coan, Hummel & Coan, Louisville, KY, Andrew Radding, Francine R. Strauss, Blades & Rosenfeld, Baltimore, MD, for plaintiff in Civ. A. Nos. 92–0618–L(H) to 92–0621–L(H).

James P. Dilbeck, Bennett, Bowman, Triplet & Vitittow, Louisville, KY, for defendants in Civ. A. No. 92–0618–L(H).

Theodore H. Amshoff, Jr., Amshoff & Amshoff, Louisville, KY, for defendants in Civ. A. No. 92–0619–L(H).

## MEMORANDUM OPINION

HEYBURN, District Judge.

These cases, although not consolidated, involve the same parties and similar legal claims arising out of the closed-circuit telecasts of two separate events of professional boxing. The parties have submitted opposing memoranda on the issue of whether Defendants have a right of trial by jury. For the reasons stated below, the Court will conduct bench trials.

### I.

Plaintiff, That's Entertainment, Inc. ("TEI"), held proprietary interests in the closed-circuit telecasts of two boxing matches between top-ranked heavyweights, Mike Tyson versus Charles Ruddock and Evander Holyfield versus George Foreman. Plaintiff, Storer Cable Communications, Inc. ("Storer Cable"), a cable television service within the City of Louisville and Jefferson County, Kentucky, entered into a license agreement with TEI to provide closed-circuit service to pay-per-view subscribers for the Tyson/Ruddock fight of March, 1991. With Storer Cable having declined further participation, TEI directly marketed and distributed closed-circuit service for the Holyfield/Foreman fight of April, 1991.

Plaintiffs sued Defendants in connection with either one or, as for several Defendants, both of these telecasts. The Defendant commercial establishments are local bar and restaurants doing business in small crowd-capacity facilities. Most Defendants are sole proprietors, and of those Defendant incorporated entities, the named Defendants include the principals of these closely-held corporations.

Transmissions of closed-circuit telecasts are electronically scrambled to prevent viewing absent a subscription. When a subscriber purchases viewing rights, the signal is decoded to enable clear reception for viewing. Plaintiffs claim that Defendants, without subscription or authorization, unlawfully viewed and published closed-circuit telecasts to their patrons in violation the Communications Act of 1934, 47 U.S.C. § 553 (1991) and the Public Telecommunications Act of 1988, 47 U.S.C. § 605 (1991). In addition to injunctive relief, Plaintiffs have elected pursuant to § 553 and § 605 to pursue maximum statutory damages rather than actual damages. Plaintiffs also seek attorneys' fees and costs under these statutes.

### II.

The issue this Court must resolve is whether Defendants are entitled to a jury trial on the claims for statutory damages under § 553 and § 605 ("the piracy statutes"). Neither the Court of Appeals for the Sixth Circuit nor the district courts within this circuit have reported a decision on this issue. With regard to other circuits, only one reported decision touching on this issue is an Eleventh Circuit opinion in which the court upheld an award of statutory damages under the Communications Act and the Copyright Act absent both a bench and jury trial. *Cable/Home Communication Corp. v. Network Productions Inc.*, 902 F.2d 829 (11th Cir.1990). The Eleventh Circuit, however, did not analyze the pertinent question,[1] and research has disclosed no other authority squarely resolving this issue.[2] Therefore, it

---

1. On appeal from the district court's grant of summary judgment to the plaintiffs, the Eleventh Circuit "quickly dispense[d]" with the defendants demand for a trial on the statutory damages award since the parties had an opportunity to submit by motion supporting evidence to the district court. *Id.* 902 F.2d at 852–53. The court relied in large part on a ruling of the former Fifth Circuit which held that there is 'no constitutional or statutory right to a jury trial' in an 'equitable copyright infringement action seeking only minimum statutory damages and injunctive relief.' *Id.* (citing *Twentieth Century Music Corp. v. Frith*, 645 F.2d 6, 7 (5th Cir.1981) (per curiam)). The Eleventh Circuit affirmed in short

order the discretionary, as opposed to a minimum, award of statutory damages relegating more attention to the copyright issues and other more pressing issues on appeal.

2. Defendant Storer Cable cites three decisions in which the trial courts adjudicated § 605 liability without a jury. *See Entertainment and Sports Programming Network, Inc. v. Edinburg Community Hotel, Inc.*, 735 F.Supp. 1334 (S.D.Tex. 1986); *Subscription Television of Greater Washington v. Kaufmann*, 606 F.Supp. 1540 (D.D.C. 1985); *KMLA Broadcast Corp. v. 20th Century Cigarette Vendors Corp.*, 264 F.Supp. 35 (C.D.Cal. 1967). None of these cases, however, indicates

is incumbent upon this Court to judiciously discern Defendants' rights in a civil suit under the piracy statutes.

## III.

■ To determine whether there is a right to a jury trial for claims asserted under the piracy statutes, the Court will 'first ascertain whether a construction of the statute is fairly possible by which the [Seventh Amendment] question may be avoided.' *Tull v. United States,* 481 U.S. 412, 417 n. 3, 107 S.Ct. 1831, 1835 n. 3, 95 L.Ed.2d 365 (1987) (quoting *Curtis v. Loether,* 415 U.S. 189, 192 n. 6, 94 S.Ct. 1005, 1007 n. 6, 39 L.Ed.2d 260 (1974)). If a fair construction of a statute provides a right to a jury trial, then the Court need not reach the constitutional issue. However, if a statute is inconclusive, the Seventh Amendment may nevertheless require trial by jury.

Despite the absence of an express legislative grant, the right of trial by jury may nevertheless be an implicit entitlement. Plaintiffs argue that the usage of the word "court" throughout the text and legislative history of § 553 and § 605 evidences congressional intent for bench adjudications. Specifically, the piracy statutes designate "the court" as the actor in awarding damages, finding willfulness, and assessing a dollar amount within the statutory minima and maxima.[3] However, Defendants argue that the word "court" does not necessarily mean "judge" but can include "judge and jury."

A divergence of opinion evidences the inconclusiveness of this inquiry. *Compare Sibley v. Fulton Dekalb Collection Service,* 677 F.2d 830, 832–33 (11th Cir.1982) (the word "court" encompasses trial by both judge and jury); *Gnossos Music v. Mitken Inc.,* 653 F.2d 117, 119 (4th Cir.1981) (the word "court" mandates neither a bench trial nor jury trial); *Raydiola Music v. Revelation Rob, Inc.,* 729 F.Supp. 369, 371 (D.Del.1990) (the term "court" is ambiguous) *and Beesley v. Hartford Fire Ins. Co.,* 723 F.Supp. 635, 638–39 (N.D.Ala.1989) (the word "court" is ambiguous, citing supporting and contrary authority) *with Sid & Marty Krofft Television v. McDonald's Corp.,* 562 F.2d 1157, 1177 (9th Cir.1977) (the word "court" is exclusive of "jury") *and Martin v. Detroit Marine Terminals, Inc.,* 189 F.Supp. 579, 580–81 (E.D.Mich.1960) (the word "court" unequivocally means "judge" and not "judge or jury.").

See also *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) and *Curtis*

---

even by implication that the courts conducted bench trials on the basis of a ruling expressly denying the right to a jury trial. It is more plausible that a pro se defendant waived the right of trial by jury and that other defendants stipulated to bench trials.

3. 47 U.S.C. § 553(c) provides in relevant part:
(3)(A) Damages awarded by any court under this section shall be computed in accordance with either of the following clauses:
(i) the party aggrieved may recover the actual damages suffered ...; or
(ii) the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.
(B) In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000.
(C) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may

reduce the award of damages to a sum of not less than $100.
47 U.S.C. § 605(e) provides in relevant part:
(3)(C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
(I) the party aggrieved may recover the actual damages suffered ...; or
(II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just.
(ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.
(iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

*v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) in which the Court did not resolve the jury trial issue on statutory grounds despite similar statutory use of the word "court." The Court, therefore, holds that there is no right to a jury trial cognizable under § 553 or § 605.

## IV.

■ The Seventh Amendment guarantees litigants a trial by jury of legal issues even where there is no statutory entitlement. The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." U.S. Const. amend. VII. The Supreme Court has construed this language to require jury trials in statutory actions analogous to common law actions existing in 1791, that is, the year of the ratification of the Seventh Amendment. *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). If a statutory action is more analogous to eighteenth-century cases in equity or admiralty, the Seventh Amendment right of trial by jury is inapplicable. *Id.*

The Supreme Court has set forth the relevant inquiry to determine whether a statutory action is more analogous to cases tried at law than cases tried in equity. *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987); *see also Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). Courts should first compare the statutory action to eighteenth-century actions prior to the merger of the courts of law and equity. *Id.* Second, courts should determine whether the remedy sought is legal or equitable in nature. *Id.*[4] If under this analysis an action is properly characterized as "legal," the Seventh Amendment requires trial by jury.

Defendants analogize these cases to actions in conversion tried in courts of law. Although the tort of conversion is a fair comparison, the piracy statutes carry certain aspects that are substantively distinct. In practical terms, an action in conversion forces a converter to purchase the property at issue. The piracy statutes, however, entail more than mere fair play between an owner of personalty and its converter. The prohibition of pirating closed-circuit signals addresses the collective policy concerns of the continued viability of the cable service industry, not to mention, the disburdening of cable subscribers who are forced to subsidize the costs of cable pirating. H.R. 4103, 98th Cong., 2d Sess. (1984) *reprinted in* 1984 U.S.Code Cong. & Admin.News 4655, 4720. Moreover, the piracy statutes provide equitable relief and attorneys' fees to enhance vindication of this intangible property right. An election of statutory damages, itself, evidences the inadequacy of a forced sale inherent to the common law tort of conversion.

Rather than categorizing the piracy statutes in tort, the "more important" question is how to characterize the *relief* sought? *Tull v. United States,* 481 U.S. 412, 421, 107 S.Ct. 1831, 1837, 95 L.Ed.2d 365 (1987) (quoting *Curtis v. Loether,* 415 U.S. at 196, 94 S.Ct. at 1009). If Plaintiffs sought actual damages, resolution of this issue would be straightforward, that is, legal damages would invoke the Court's legal jurisdiction. Likewise, injunctive relief would invoke the Court's equitable jurisdiction on those issues of equity. The narrow question posed in this case, however, is whether Defendants have a right to a jury trial where the only monetary demand is for statutory damages.

Although money damages are typically associated with actions at law, restitution is an equitable remedy in the form of a money judgment. The Court is of the opinion that an award of statutory damages under the piracy statutes is restitutionary. The basis of this opinion is two-fold.

First, the election of remedies provided in § 553 and § 605 is very analogous to an election to sue for restitution. Restitution is particularly appropriate, as here, where a plaintiff's loss, albeit not definable in terms of actual loss, is more than a defendant's

---

4. The Supreme Court has also considered the practical limitations of a jury trial in non-traditional proceedings and held that the Seventh Amendment is not applicable to administrative proceedings. *Tull v. United States,* 481 U.S. 412, 418 n. 4, 107 S.Ct. 1831, 1835 n. 4, 95 L.Ed.2d 365 (1987).

gain. If a plaintiff were held to a common law remedy of conversion, the measure of damages would typically be the amount of plaintiff's actual loss. Restitution, however, refers not to a plaintiff's actual loss so much as the tortiousness of a defendant's conduct, that is, culpability bears directly upon the amount of the award. Where a plaintiff's actual loss is nominal yet a wrongful act unjustly enriches a tortfeasor, courts have historically allowed plaintiffs to waive compensatory damages and recover restitution in quasi-contract under the rules of equity. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts*, § 94, at 673, 675 (5th ed. 1984) (footnotes omitted).

Depending on the circumstances of each Defendant in these cases and assuming for present purposes the truth of Plaintiffs' allegations, it is plausible that Plaintiffs sustained minimal actual loss; that is, few if any patrons frequented Defendants' establishments irrespective of the telecasts of the events. Even if Plaintiffs could prove that Defendants profited singularly as a result of the telecasts of the boxing events, the profits of these small establishments would be appreciably less than Plaintiffs' loss. Plaintiffs seek not merely to vindicate a monetary loss but to thwart Defendants' and public perceptions of the violability of property rights in closed-circuit signals. Actual damages even if provable would not fully restore Plaintiffs. Restitution, however, remedies loss not quantifiable in terms of actual loss. Statutory damages, therefore, serve the same function as restitution, even to the point of constituting an elective recovery.

Second, the discretionary nature of a statutory damages award further supports a restitutionary characterization. The statutes employ the phraseology "as the court considers just" and "the court in its discretion." [5] As a general proposition, the exercise of discretion typifies a court's role in equity. More importantly, discretion is a function especially germane to assessing a restitutionary award which may turn on the tortiousness or inadvertence of a defendant's conduct whichever

the case may be. *Restatement of Restitution*, at 595–96. It is the wide latitude of discretion in contradistinction to actual damages that leads this Court to conclude that the statutory damages proviso of § 553 and § 605 is restitutionary and, thus, an equitable remedy. The Seventh Amendment is, therefore, inapplicable.

### V.

For the foregoing reasons, the Court holds that there is no statutory or constitutional right to a jury trial in these cases for statutory damages under 47 U.S.C. §§ 553 and 605.

---

**5.** See note 3 infra. See also *Raydiola Music v. Revelation Rob, Inc.,* 729 F.Supp. 369, 376 (D.Del.1990) in which the court found the discretionary nature of statutory damages to be a function of equity.