**NATIONAL SATELLITE SPORTS, INC., Plaintiff,**

v.

**NO FRILLS RESTAURANT, INC., d/b/a Harry's Place, and Richard Ostor, Defendants.**

**No. 97–10120–CIV.**

United States District Court, S.D. Florida.

Aug. 6, 1998.

Richard Lara, Miami, FL, for Plaintiff.

Richard Ostor, Tavernier, FL, for Defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Plaintiff's Motion To Strike Demand for Jury Trial, filed June 11, 1998. Based on the motion alone, the Court granted the Motion To Strike on July 7, 1998. Defendants thereafter informed the Court that they had not responded to Plaintiff's Motion To Strike because they had never received notice of the motion. Based on this representation, the Court vacated its Order Granting Plaintiff's Motion to Strike on July 15, 1998, in order to allow Defendants to respond. Defendants did so, in the form of an affidavit by Defendant Richard Ostor, on July 24, 1998.[1] The Court will now reconsider the merits of striking Defendant's demand for a jury trial.

### I. Background

Plaintiff alleges in its Complaint that it acquired the exclusive right to exhibit throughout Florida the closed-circuit telecast of the November 9, 1996 boxing match between Mike Tyson and Evander Holyfield and other preliminary bouts (collectively "the Event"). Plaintiff claims that pursuant to its license agreement, the only commercial establishments authorized to air the Event were those that had obtained contractual authorization from Plaintiff to do so. Plaintiff alleges that while it never authorized Defendants to exhibit the Event, they unlawfully intercepted the communication and transmitted it for the benefit of their patrons at a commercial establishment named Harry's Place.

Plaintiff claims that Defendants' actions violate the Cable Communications Policy Act of 1984, 47 U.S.C.A. § 605(a) (West 1991). Plaintiff has now moved to strike Defendants' demand for a jury trial, arguing that there is no right to a jury trial for statutory damages under section 605.

### II. Analysis

The Seventh Amendment to the U.S. Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. To determine whether a litigant is entitled to a jury trial in a particular case, the Supreme Court has instructed courts to undertake a two-step inquiry. First, courts must attempt to avoid the Constitutional question by looking to the applicable statute and its legislative history for an indication of Congressional intent to provide for a trial by jury. *See Tull v. United States*, 481 U.S. 412, 417 n. 3, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). If such an inquiry is unavailing, the court must then turn to a Constitutional analysis to determine whether the action in question is analogous to "suits at common law" and therefore subject to a jury trial. The Constitutional analysis is also comprised of two parts. First, in order to discern the nature of the statutory action, it must be compared to actions, if any, brought in England prior to the merger of the courts

---

1. The Court notes that the affidavit is signed personally by Richard Ostor and would therefore normally fail as an appropriate response by the corporate Defendant, No Frills Restaurant, Inc. ("No Frills"), to Plaintiff's Motion To Strike. Corporations may appear in Court only through counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir.1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986). However, because the Court has by separate order allowed Mr. Ostor to appear as counsel for No Frills, the Court will disregard this technical procedural violation.

of law and equity. Next, the court must examine whether the remedy sought is legal or equitable in nature. *See id.* at 417–18, 107 S.Ct. 1831. The latter of these two considerations, the nature of the remedy sought, is the more significant of the two. *See id.* at 421, 107 S.Ct. 1831 ("We reiterate our previously expressed view that characterizing the relief sought is '[m]ore important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial.") (quoting *Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)).

A reading of the statute in this case fails to provide an answer. The penalty provisions of the Cable Communications Policy Act are silent as to the right of a litigant to secure a trial by jury. Those provisions read, in pertinent part, as follows:

> The *court* . . . may award damages. . . . Damages awarded by any *court* under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
>
> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation . . .
>
> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the *court* considers just.

47 U.S.C.A. § 605(e)(3)(B)(ii), (C)(i) (West 1991) (emphasis added). While these penalty provisions consistently refer to damages assessed by a court, the use of that term is not necessarily dispositive on the issue of the right to a jury trial. *See Curtis,* 415 U.S. at 192, 94 S.Ct. 1005; *cf. Sibley v. Fulton DeKalb Collection Serv.,* 677 F.2d 830, 832–33 (11th Cir.1982) (holding that term "court" encompasses trial by both judge and jury).

The legislative history of section 605 is similarly unhelpful: It does not reveal an intent by Congress either way regarding the availability of a jury for the assessment of statutory damages. *See* H.R. No. 98–934 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655; *see also Joe Hand Promotions, Inc. v. Blarney Stone,* 995 F.Supp. 577, 579 (E.D.Pa. 1998). The penalty provisions quoted above, now codified at subsection (e) of section 605, were added by the Cable Communications Policy Act of 1984. *See* 47 U.S.C.A. § 605 historical and statutory notes (West 1991). The legislative history of the 1984 Act, however, does not mention whether Congress intended to guarantee a right to a jury trial. Like the language in the statute itself, the legislative history does refer on several occasions to the authority of the "court" to award both injunctive relief and damages. *See* H.R. No. 98–934, at 85 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655, at 4722; Sen. Comm. on Commerce, Science, and Transportation, on the House Amendments to S.66 (statement of Sen. Robert W. Packwood), *reprinted in* 1984 U.S.C.C.A.N. 4655, at 4750. However, as noted above, the use of this term in relation to the grant of statutory damages does not alone justify the conclusion that Congress did not intend to provide a trial by jury. *See Curtis,* 415 U.S. at 192, 94 S.Ct. 1005.

Because the statute and its legislative history do not reveal whether Defendants are entitled to a jury trial, the Court must reach the Constitutional question and determine whether the cause of action in this case is legal or equitable in nature. This is accomplished, first, by a recourse to history. The Court must decide whether an action such as the present one would have been decided in a court of law or equity in England in 1791, the year that the Seventh Amendment to the U.S. Constitution was ratified. *See Tull,* 481 U.S. at 417, 107 S.Ct. 1831. If the action would have been tried in a court of law, a jury would have been available to the litigants; however, a case tried in a court of equity would have been argued to the judge. *See id.* ("Prior to the Amendment's adoption, a jury trial was customary in suits brought in the English law courts. In contrast, those actions that are analogous to 18th–century cases tried in courts of equity or admiralty do not require a jury trial.") (citation omitted). Neither the parties nor other federal courts provide much guidance

on this issue.[2] There appear to be few published decisions (the Court has found only three) that have considered whether a suit for statutory damages under section 605 is analogous to a legal or equitable action at common law. One district court, in *Joe Hand Promotions*, found a persuasive analogy to an action for statutory damages under section 605 in the common law action of tortious interference with a property right. 995 F.Supp. at 579. The court relied on an earlier, unpublished case from the same district in which the court described an action such as the one in this case as "essentially a legal [action] to protect the property rights of the authorized sender or receiver of cable communications from the unlawful interception, reception, or use of such communications by another." *General Instrument Corp. v. Nu–Tek Electronics & Mfg., Inc.*, No. Civ.A. No. 93–CV–3854, 1996 WL 184794, at *2 (E.D.Pa. Apr. 12, 1996) (discussing similar statute, 47 U.S.C. § 553, which punishes cable piracy).

■ This characterization is supported by a recent Supreme Court opinion (discussed more fully below), which explained that "[a]ctions seeking damages for infringement of common-law copyright, *like actions seeking damages for invasions of other property rights,* were tried in courts of law in actions on the case." *Feltner v. Columbia Pictures Television, Inc.,* —— U.S. ——, ——, 118 S.Ct. 1279, 1285, 140 L.Ed.2d 438 (1998) (emphasis added). Thus, the Court agrees that an action for statutory damages under section 605 is properly categorized with those suits that would have been tried in the courts of law in 18th century England.

More importantly, the Court finds that the nature of the relief sought in this case is legal and not equitable. As the court in *Joe Hand Promotions* noted, "[The Supreme Court in] *Tull* indicates that a civil penalty was a type of remedy that could only be enforced in the courts of law, and that an emphasis on retribution and deterrence in the legislative history would point toward a legal characterization of the remedy sought."

995 F.Supp. at 579 (citing *Tull,* 481 U.S. at 423–25, 107 S.Ct. 1831).

Significantly, the legislative history of the Cable Communications Policy Act of 1984 reveals just this intent: to punish and deter the unlawful interception of satellite communications. The House Report, for example, states unequivocally, "The Committee believes that this problem [of cable piracy] is of such severity that the Federal penalties and remedies contained herein must be available in all jurisdictions ... as part of the arsenal necessary to combat this threat." H.R.Rep. No. 98–934, at 84 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655, 4721. Moreover, the 1988 amendments to the Act (which only altered the penalty provisions by increasing the amount of statutory damages available) reinforce Congressional intent to have the civil penalties provided by the statute to serve as punitive sanctions for those who engage in piracy of satellite communications. Congress noted the "importance of stopping piracy and enhanc[ing] the ability of law enforcement authorities and aggrieved private parties to deter piracy." H.R.Rep. No. 100–887(III), at 14 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5577, 5642–43. Therefore, the interest in punishing violators and deterring future instances of unlawful interception of satellite communications strongly indicates that the remedy offered by section 605 is indeed a legal one.

This conclusion is supported by the Supreme Court's unanimous opinion just this term in *Feltner v. Columbia Pictures Television, Inc.,* —— U.S. at ——, 118 S.Ct. at 1279. In *Feltner,* the Court analyzed whether a jury trial was warranted under the Seventh Amendment for a cause of action for statutory damages under the Copyright Act, 17 U.S.C. § 504(c) (1994). That provision, like section 605 in this case, does not reveal whether Congress intended to grant the right to a jury trial. Faced with the Constitutional question, the Court found that the common law of England provided copyright owners with actions for infringement that were tried before juries. *See id.* at 1285.

---

**2.** Indeed, the parties' submissions regarding the motion to strike are quite meager. Plaintiff's memorandum of law consists of two paragraphs, and Defendants' response is an affidavit that is one and one-half pages long. Neither party undertook the analysis necessary to determine whether a jury trial is required under the Seventh Amendment.

Moreover, the Court held that the remedy sought was a legal one:

> We have recognized the "general rule" that monetary relief is legal, and an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment. Nor, as we have previously stated, is a monetary remedy rendered equitable simply because it is "not fixed or readily calculable from a fixed formula." And there is historical evidence that cases involving discretionary monetary relief were tried before juries. Accordingly, we must conclude that the Seventh Amendment provides a right to a jury trial where the copyright owner elects to recover statutory damages.

*Id.* at 1287 (citations omitted). *Feltner's* reasoning applies with equal force to the present action for statutory damages under section 605 and is binding on this Court.

The Supreme Court's analysis reveals that Plaintiff's citation to the case of *Storer Cable Communications v. Joe's Place Bar & Restaurant,* 819 F.Supp. 593 (W.D.Ky.1993), is unpersuasive. The court in that case reasoned that statutory damages under section 605 are properly characterized as a form of restitution, which is an equitable remedy in the form of a money judgment. 819 F.Supp. at 596; *accord Metrovision of Livonia, Inc. v. Wood,* 864 F.Supp. 675, 679 n. 1 (E.D.Mich.1994). This finding led both the *Storer Cable* and *Metrovision* courts to conclude that section 605 provides only equitable remedies and therefore does not guarantee a right to a jury trial. The analogy to restitution is somewhat awkward, however, in that section 605 is not simply concerned with the infringer's unjust enrichment, but with punishing willful violations of the statute. Seen in this light, the remedy that section 605 affords is clearly a legal one. *See Tull,* 481 U.S. at 423, 107 S.Ct. 1831 (emphasizing that "authorization of punishment to further retribution and deterrence clearly evidences ... more than a concern to provide equitable relief"). The Court thus opts for the more

compelling outcome in *Joe Hand Promotions* and the more refined reasoning in *Feltner.*

Because Plaintiff's cause of action is analogous to common law suits for interference with property rights, which were tried before juries in courts of law, and because the remedy that Plaintiff seeks is legal in nature, Defendants are entitled to a trial by jury.[3]

### III. Conclusion

The Court concludes that the Seventh Amendment entitles Defendants to a trial by jury on the claim for statutory damages under 47 U.S.C. § 605.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiff's Motion To Strike Demand for Jury Trial be, and the same is hereby, DENIED.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, this 5th day of August, 1998.

---

**3.** The fact that section 605 also empowers the court to issue equitable relief in the form of an injunction, 47 U.S.C.A. § 605(e)(3)(B)(i), does not mean that the statutory damages must also be equitable in nature. If "each kind of relief is separably authorized in a separate and distinct statutory provision," as is the case here, the two remedies are independent and need not be of the same nature. *Tull,* 481 U.S. at 425, 107 S.Ct. 1831.