NATIONAL SATELLITE SPORTS, INC., Plaintiff,

v.

R.S. PRASHAD d/b/a Time Out Pub, Defendant.

No. 99–6648–CIV.

United States District Court, S.D. Florida.

Nov. 2, 1999.

David N. Tolces, Marcus & Corwin, P.A., Boca Raton, FL, for Plaintiff.

Roopaindra S. Prashad, Sunrise, FL, pro se.

## ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon the *pro se* Defendant, Roopaindra S. Prashad's ore tennus Demand For Trial By Jury made in open Court on October 29, 1999. The Court has carefully reviewed said Demand and the entire Court file herein, and is otherwise fully advised in the premises.

The Court notes that the Plaintiff, National Satellite Sports, Inc., filed the above-styled cause seeking damages against the *pro se* Defendant, Roopiandra S. Prashad d/b/a Time Out Pub, for the violation of the Communications Act of 1934, 47 U.S.C. § 553 and § 605. Specifically, the Plaintiff alleges that the Defendant unlawfully intercepted from the Plaintiff, received, and broadcasted the boxing fight between Mike Tyson and Frank Bruno held on March 16, 1996 in Las Vegas, Nevada, in violation of the Federal Communications Act. The Defendant has denied the Plaintiff's allegations. The Court has jurisdiction over the above-styled cause pursuant to 28 U.S.C. § 1331.

The Court further notes that on October 29, 1999, the Court held a Pre-trial Conference in the above-styled cause at which the *pro se* Defendant, Roopaindra S. Prashad, and David N. Tolces, Esquire, counsel of record for the Plaintiff, were present. At the aforementioned Pre-trial Conference, the Defendant made an ore tennus demand for trial by jury. At said Pre-trial Conference, the Plaintiff represented that it seeks only statutory damages. Thus, the Court must determine whether the Defendant is entitled to a jury trial on the claims for statutory damages under the Communications Act, 47 U.S.C. § 553 and § 605.

In determining whether a party is entitled to a trial by jury, a court must first determine whether the subject statute affords such a right, so that the constitutional question may be avoided. *Tull v. U.S.*, 481 U.S. 412, 417 n. 3, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). If such a statutory inquiry is unavailing, the court must then employ a constitutional analysis to determine whether the action in question is similar to a "[s]uits at common law" and, therefore, subject to a jury trial under the Seventh Amendment of the United States Constitution.

As to the first inquiry, the Court finds that a reading of the relevant sections of the Communications Act neither specifically provide for nor prohibit a trial by jury. The statute provides that the aggrieved party may elect to request actual or statutory damages, to be awarded by the court. 47 U.S.C. § 605. The statute also provides that, where the court finds a willful or innocent violation of the statute, the court may, in its discretion, increase or decrease the award of damages. *Id.* While these penalty provisions consistently refer to damages assessed by a court, the word "court" can mean judge or jury. *Cf. Sibley*

*v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 832–33 (11th Cir.1982) (holding that term "court" includes both judge and jury under Fair Debt Collection Practices Act). The legislative history of the statute is likewise unhelpful as it fails to indicate whether Congress intended a jury to determine statutory damages. *See* H.R. No. 98–934 (1984), reprinted in 1984 U.S.C.C.A.N. 4655. Since a fair construction of the subject statute is inconclusive as to whether it provides a right to a jury trial, the Court must determine whether the Seventh Amendment guarantees a right to a jury trial where the Plaintiff requests statutory damages under the Communications Act.

■ The Seventh Amendment of the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. Amend. VII. To determine whether the action in question is more analogous to "[s]uits at common law" rather than ones in equity, a court must engage in a two part inquiry. First, a court must decide whether the present action would have been brought in a court of law or equity in 1791, the year the Seventh Amendment to the United States Constitution was ratified. *Tull*, 481 U.S. at 417, 107 S.Ct. 1831. Second, a court must determine whether the remedy sought is legal or equitable in nature. *Id.* at 417–18, 107 S.Ct. 1831.

As to the first inquiry, the Court notes that the cause of action at issue here involves cable piracy, a cause of action which did not exist at the time that the courts of law and equity merged. The Court further notes that the Eleventh Circuit Court of Appeals has failed to squarely address whether a cause of action for cable piracy is a legal or equitable action at common law, and there are few published decisions which have considered this issue. *Joe Hand Promotions, Inc. v. Nekos*, 18 F.Supp.2d 214, 217 (N.D.N.Y.1998) (finding no right to jury trial); *National Satellite Sports, Inc. v. No Frills Restaurant,*

*Inc.*, 15 F.Supp.2d 1360, 1363 (S.D.Fla. 1998) (finding right to jury trial); *Storer Cable Comm. v. Joe's Place Bar & Restaurant*, 819 F.Supp. 593, 596 (W.D.Ky.1993) (finding no right to jury trial).

In determining whether an action for cable piracy is analogous to an action at law or equity, one district court has rejected a comparison of a cable piracy action to copyright, trademark, and patent infringement actions which did exist in the Eighteenth Century and were historically tried before courts of law. *Nekos*, 18 F.Supp.2d at 217. The *Nekos* court reasoned that, unlike the owner of a product of his own ingenuity, a cable piracy plaintiff merely has a nonexclusive license to distribute a program in a certain geographic area. *Id.* Moreover, unlike copyright, trademark, and patent infringement actions, cable piracy actions primarily address "the collective policy concerns of the continued viability of the cable service industry," rather than the proprietary interests of a license holder in property. *Id.* (citation omitted).

The Court also finds that an action for cable piracy is not analogous to a tort action for conversion tried in courts of law. *Storer Cable Comm.*, 819 F.Supp. at 596 (rejecting comparison of piracy actions to tort actions tried in courts of law). *But see No Frills Restaurant, Inc.*, 15 F.Supp.2d at 1363 (comparing piracy action to tort action and finding piracy action legal in nature). As the *Storer Cable Comm.* court has reasoned:

[A]n action in conversion forces a converter to purchase the property at issue. The piracy statutes, however, entail more than mere fair play between an owner of personalty and its converter. The prohibition on pirating closed-circuit signals addresses the collective policy concerns of the continued viability of the cable industry, not to mention, the disburdening of cable subscribers who are forced to subsidize the costs of cable pirating. H.R. 4103, 98th Cong., 2d Sess. (1984), reprinted in 1984 U.S.Code Cong. & Admin. News 4655, 4720.

Moreover, the cable piracy statutes provide equitable relief and attorneys' fees to enhance the vindication of this intangible property right. An election of statutory damages, itself, evidences the inadequacy of a forced sale inherent to the common law tort of conversion.

819 F.Supp. at 596.

■ Since the subject statute and the comparison to actions for copyright, patent, trademark, and conversion fail to be helpful in determining whether a right to a jury trial exists, the court must address the second inquiry; namely, whether the remedy sought is legal or equitable in nature. The Supreme Court has stated that, when determining whether the Seventh Amendment guarantees a right to a jury trial in a particular case, the characterization of the type of relief sought is more important than trying to find the precise analogy to an Eighteenth Century cause of action. *Tull*, 481 U.S. at 421, 107 S.Ct. 1831. Here, the Court must determine whether the requested statutory damages are more legal or equitable in nature. In making this determination, the Court notes that while monetary relief generally is considered legal, whether it can be characterized as legal or equitable depends on the function that the monetary damages serve. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 118 S.Ct. 1279, 1287, 140 L.Ed.2d 438 (1998) (citations omitted).

After examining the function of statutory damages under the Communications Act, the Court finds that the statutory damages are restitutionary in nature and, therefore, equitable for two reasons. *Nekos*, 18 F.Supp.2d at 217; *Storer Cable*, 819 F.Supp. at 596–97. *But see No Frills Restaurant, Inc.*, 15 F.Supp.2d at 1363 (finding civil penalty emphasizing retribution and deterrence legal in nature). First, restitution is appropriate where, as here, a plaintiff's alleged loss is greater than a defendant's alleged gain. *Nekos*, 18 F.Supp.2d at 217; *Storer Cable*, 819 F.Supp. at 596–97. Second, the discretionary nature of the statutory damages fur-

ther supports the conclusion that statutory damages are equitable. *Id.* The exercise of discretion is common in courts of equity. Also, exercising discretion indicates that the remedy awarded is not compensating a plaintiff for actual loss. *Nekos*, 18 F.Supp.2d at 217.

Here, the Plaintiff has requested statutory damages. The Communications Act gives a court discretion to adjust the amount of these damages awarded to a plaintiff. *Id.* If the Plaintiff were to prevail, the statutory damages would not reflect the Plaintiff's actual damages, but rather the Defendant's unjust enrichment and the attempt to deter such future conduct. *Id.* The Plaintiff also seeks to thwart the Defendant's and the public's notion that closed circuit television can be intercepted without consequences. *Id.* Thus, the Court finds that the statutory damages are restitutionary and, therefore, equitable in nature.

■ Based on the foregoing, the Court finds that the Defendant lacks either a statutory or constitutional right to a jury trial on statutory damages under 47 U.S.C. § 553 and § 605. *See id.; Storer Cable Comm.*, 819 F.Supp. at 597.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED that the Defendant, Roopaindra S. Prashad's ore tennus Demand For Trial By Jury be and the same is hereby DENIED.