88 F.Supp.2d 1024 (2000)
NATIONAL SATELLITE SPORTS, INC., Plaintiff,
v.
COTTER'S LOUNGE, INC., d/b/a Cotter's Lounge, & Linda Winkelmann, Individually and as principal of Cotter's Lounge, Defendants.
No. 4:99CV01360 CDP.
United States District Court, E.D. Missouri, Eastern Division.
March 29, 2000.
Alan J. Gelb, Alan Gelb Law Office, P.C., Cherry Hill, NJ, for National Satellite Sports, Inc., plaintiffs.
Mark H. Neill, St. Louis, MO, for Cotter's Lounge, Inc., Linda Winkelmann.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on the plaintiff's motion to strike defendant's demand for a jury trial. For the reasons stated herein, the court will grant the defendant's demand.

Background Facts
Plaintiff brought this action pursuant to 47 U.S.C. §§ 553 (unauthorized reception of cable service) and 605 (unauthorized publication or use of communication). It appears that plaintiff, by contract, was granted the right to distribute television access by satellite signal of the heavyweight championship boxing match on January 16, 1999, between Mike Tyson and Francois Botha, together with all the undercard bouts (hereinafter "the event"). Defendant is a local bar that did not purchase the rights to broadcast the event. Plaintiff alleges that defendant unlawfully intercepted, received, and/or descrambled and subsequently broadcast the event in violation of 47 U.S.C. §§ 553 and 605. *1025 Plaintiff elected to recover statutory damages pursuant to the referenced violations. Defendant, in its answer, requested a jury trial. Plaintiff opposed the request for trial by jury and the issue is now before this court to decide.

Discussion
The issue presented to the Court is whether either party is entitled to a jury trial when statutory damages are requested for violations of 47 U.S.C. §§ 553 and 605. This precise issue has never been addressed by this circuit, and therefore the Court will look to the limited number of decisions from other district courts that have attempted to resolve the issue, but have reached divergent conclusions.[1]
The right to a jury trial must be either compelled by the expressed intent of the statute or preserved under the Seventh Amendment of the Constitution. A two-step analysis to determine a party's right to a jury trial has been set out by the Supreme Court. See Tull v. United States, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). First, the Court must look to the applicable statute and its legislative history to determine if Congress intended there to be a jury trial right. Id. at 417 n. 3, 107 S.Ct. 1831. Second, if the analysis of the statute itself is not determinative, then the Court must undertake a Constitutional analysis to determine if the action at issue is the same or analogous to "[s]uits at common law" and therefore subject to a jury trial. Id. at 417, 107 S.Ct. 1831.
In the present case, an analysis of the actual statutes and their legislative history does not shed any light on whether Congress intended there to be a right to trial by jury when statutory damages are sought. Both statutes, but for limits on the amount, are identical regarding the awarding of damages and read in pertinent part: "[T]he party aggrieved may recover an award of statutory damages ... as the court considers just." 47 U.S.C. §§ 553(c)(3)(A)(ii) and 605(e)(3)(A)(ii) (West 1991). The use of the word "court" in the text of the statute is not determinative of the intent of the statute to grant the trial judge discretion over statutory awards, instead of a jury. See e.g., Cass County Music Co. v. C.H.L.R., Inc., 88 F.3d 635, 641 (8th Cir.1996) (citing Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)). This Court agrees with the other district courts that have held that the face of the actual statutes and their legislative history are not determinative as to whether a party has a right to a jury trial when statutory damages are sought under §§ 553 or 605.
Therefore, the Court is directed to the constitutional question of whether there is a right to a jury trial. Tull has made this constitutional analysis a two part inquiry. First, the Court must decide whether the present action is, or analogous to, an action that would have been brought in a court of law or equity in 1791. Tull, 481 U.S. at 417, 107 S.Ct. 1831. Second and more importantly, the Court must determine whether the nature of the remedy sought is legal or equitable. Id. at 417-18, 107 S.Ct. 1831. Because an action for piracy of a satellite signal was not even conceivable at the time of the adoption of the Seventh Amendment, it is necessary to draw an analogy to an action that did exist in 1791 to determine how the present action *1026 would most likely have been characterized. Although neither party took the time to do a Tull type analysis of the constitutional question presented today, the Court will seek to find a relevant analogy to the present action and characterize the remedy sought.
The court in Nekos rejected an analogy to actions in copyright, trademark, and patent, which all were actions in the courts of law, because an action involving cable piracy does not involve an ingenious and original idea of the plaintiff. See Joe Hand Promotions, Inc. v. Nekos, 18 F.Supp.2d 214, 217 (N.D.N.Y.1998). However, in an unpublished opinion, the district court judge in General Instrument v. Nu-Tek, 1996 WL 184794 at *2 (E.D.Pa. 1996) found the analogy between cable piracy and an interference with a property right to be persuasive. It is summarized that an action under § 553 is essentially an action to protect the property rights of the holder of the contract right to distribute from unlawful interference, reception, or use of the communication, and therefore is an action that would have been brought before the court of law. Id. In the present case, the court is partially persuaded by both of the analogies, but is uncertain whether either of them dispose of the case properly. However, the Court need not and does not decide which analogy is proper to characterize the action since the disposition of the present issue rests more on the nature of the remedy than the nature of the cause of action. See Tull, 481 U.S. at 421, 107 S.Ct. 1831.
The Court next turns to the characterization of the remedy of statutory damages. The plaintiff, relying on Storer, Nekos, and Prashad, asserts that the function of the statutory remedy available in §§ 553 and 605 is equivalent to the remedy of restitution, which is a remedy in equity, and therefore the right to a jury trial is not guaranteed. However, the court is unpersuaded by these decisions and finds that the remedy is best characterized as a legal remedy.
Remedies that are intended to punish, as opposed to those that are restitutionary in nature, which intend to simply extract compensation and restore the status quo, were remedies issued by courts of law, not by courts of equity. Tull, 481 U.S. at 422, 107 S.Ct. 1831.
The legislative history of the Cable Communications Policy Act of 1984 illustrates an intent to punish and deter further unlawful interception of communications, rather than merely make the wronged party whole again. In fact, the House Report, Section 634 states, "The Committee believes that this problem is of such severity that the federal penalties and remedies contained herein must be available in all jurisdictions (and enforceable in state or federal court) as part of the arsenal necessary to combat this threat." HR.Rep. No. 98-934 at 84 (1984), reprinted in 1984 U.S.C.C.A.N. 4651, 4721. The use of the word "penalty" as well as the language used indicates Congress intent to punish violators and to deter future violations. E.g., National Satellite Sports, Inc. v. No Frills Restaurant, Inc., 15 F.Supp.2d 1360, 1363 (S.D.Fla.1998). Further, the House Report goes on to state that these statutory damages may be recovered even if actual damages are also recovered. HR.Rep. No. 98-934 at 85 (1984), reprinted in 1984 U.S.C.C.A.N. 4651, 4722.
Although actual damages in cable piracy cases are consistent with the nature of restitutionary damages, the legislative history reveals an expressed intent of Congress to allow the statutory damages in addition to the actual damages. This fact supports the notion that statutory damages are to punish and not to simply compensate the wronged party. This interest in punishment is only consistent with a legal remedy, and not an equitable one, therefore this Court holds that a Tull type *1027 analysis yields actions under §§ 553 and 605 to be legal, preserving the right to a jury trial under the Seventh Amendment.
The conclusion that statutory damages under §§ 553 and 605 are a legal remedy is consistent with the Eighth Circuit's finding in a copyright infringement case authorizing similar statutory damages. In Cass County Music Company v. C.H.L.R., Inc., 88 F.3d 635 (8th Cir.1996), the court analyzed whether there was a jury trial right when statutory damages were sought under 17 U.S.C. § 504(c)(2). In Cass County, the court, faced with a statute authorizing statutory damages in copyright infringement cases which was similar to the cable piracy statute presently at issue, held that the remedy was a legal one because of the intent of the remedy to not only make the plaintiff whole again, "but also and arguably preeminently, to punish the defendant." Id. at 643.[2]
Because the remedy that is sought by plaintiff in the present case is legal in nature, the defendant is entitled to a trial by jury under the Seventh Amendment.
Accordingly,
IT IS HEREBY ORDERED that the motion of plaintiff to strike defendant's jury demand [# 17] is denied.
NOTES
[1] See National Satellite Sports, Inc. v. R.S. Prashad, to be reported at 76 F.Supp.2d 1359 (S.D.Fla.1999) (holding no right to jury trial); National Satellite Sports, Inc. v. No Frills Restaurant, Inc., 15 F.Supp.2d 1360, 1362 (S.D.Fla.1998) (holding right to jury trial); Joe Hand Promotions, Inc. v. Nekos, 18 F.Supp.2d 214 (N.D.N.Y.1998) (holding no right to jury trial); Joe Hand Promotions, Inc. v. Blarney Stone, 995 F.Supp. 577, 578 (E.D.Pa.1998) (holding right to jury trial); General Instrument Corp. v. Nu-Tek Electronics Manufacturing, Inc., 1996 WL 184794 (E.D.Pa.1996) (holding right to jury trial); Storer Cable Communications v. Joe's Place Bar & Restaurant, 819 F.Supp. 593, 596 (W.D.Ky.1993) (holding no right to jury trial).
[2] Following Cass County there was a split in the circuits as to whether 17 U.S.C. § 504(c)(2) granted a jury trial right. The Supreme Court in Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998), resolved the split and held that the Seventh Amendment provided a jury trial right when statutory damages were sought in copyright infringement actions.